LARRY EUGENE JENKINS v. STATE OF INDIANA.

[No. 869S194. Filed March 5, 1971.]

*Gerald A. Gernstein,* of Jeffersonville, *David Kaplan,* of Louisville, Kentucky, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Frank Hanley,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Appellant was charged by affidavit with the crime of robbery. A trial by jury ensued in the Floyd Circuit Court before Judge Paul J. Tegart, wherein appellant was found guilty as charged.

Testimony introduced at the trial indicates that the Convenient Food Market is located at 602 West Main Street, New Albany, Indiana. Robert Tyler was the manager of the store on July 7, 1967, and was present between 11:00 and 12:00 p.m. on that evening. Tyler testified that he saw the defendant in the store about fifteen (15) minutes before the robbery and that he had seen the defendant in the store several times before the date of the robbery. Paul Williams, a customer in the Convenient Food Market on the evening of the robbery, identified the defendant as the man he almost bumped into while shopping in the store. Billy Odell Neely, a cash register clerk at the store, testified that the defendant, on the evening of the robbery, bought a coke, walked around the store, and then asked Billy Neely to help him find a night light for his daughter. Neely found the night light for the man, who later proceeded to the check-out counter and told Neely to empty the register and then stuck a gun in his face. The money was placed in a sack and the defendant left the store.

The appellant first contends the identification of the appellant was tainted in violation of his constitutional rights,

claiming that there was no police lineup with persons of similar build and dress in which the appellant was identified and that therefore the identification at the trial was insufficient and the testimony relating thereto was incompetent under *United States* v. *Wade* (1967), 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149. Appellant waived this contention by making no objection at the time the testimony was offered and additionally by failing to include such a specification in the motion for a new trial.

However, in our opinion, the evidence of the identification of the appellant is overwhelming. It is true that it is shown that one witness, Robert Tyler, the store manager, saw the defendant in the jail some six or seven months after the robbery and identified him as the same person he had previously seen in the store immediately prior to the holdup. This was brought out by the appellant on cross examination and not by the State for the purpose of identification. Also, on several prior occasions, Robert Tyler was asked to identify certain people either at his place of business or at the jail. In those instances he stated the person he viewed was not the person who held up the store. Another of the witnesses who identified the appellant at the trial had previously been taken down to the police station for the purpose of identifying a suspect. Said suspect was not the defendant and the witness, Billy Odell Neely, said that such person was definitely not the man sought. A negative identification of suspects was made on other occasions by Neely, both when the suspects were before him in person and when pictures of suspects were shown to him.

At least three witnesses positively identified the defendant as being the man who was in the store immediately prior to the robbery or who took part in the robbery. Also, during the robbery, witness Billy Odell Neely triggered a camera in the store which made possible the introduction of several pictures that aided in the identification of the defendant. These pictures were part of the evidence.

The appellant next urges that the trial judge erred in not directing a verdict of acquittal, arguing that the State's attorney failed to carry forth his burden of proving the defendant guilty beyond a reasonable doubt. With this we cannot agree. Two witnesses stated they saw the defendant in the store minutes before the robbery and a third witness stated the defendant was the person who robbed him of money in his custody. Certainly the testimony of these three witnesses was sufficient for the judge to determine that the jury could reasonably find the defendant guilty of robbery.

Judgment affirmed.

Givan, Prentice, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 72.