GILBERT BECK *v.* STATE OF INDIANA.

[No. 273S18. Fild March 29, 1974. Rehearing denied June 3, 1974.]

*J. E. Holwager, Holwager & Harrell,* of Beech Grove, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of robbery while armed and sentenced to twenty (20) years imprisonment. This appeal is predicated upon an allegation of ineffective counsel.

There is a presumption that an attorney has discharged his duty fully, and it requires strong and convincing proof to overcome that presumption. *Lowe* v. *State* (1973), 260 Ind. 610, 298 N. E. 2d 421, *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N. E. 2d 686. "The mere fact that another attorney might have conducted the defense differently is not sufficient to require reversal. 'Isolated poor strategy, bad tactics, a mistake, carelessness or inexperience does not necessarily amount to ineffective counsel, unless taken as a whole, the trial was a mockery of justice.'" *Blackburn* v. *State* (1973), *supra* at p. 696, citing *United States* v. *Cariola* (D.N.J. 1962), 211 F. Supp. 423.

It is unnecessary to review all of the evidence in this case. The defendant was observed by an eye witness backing out of an automobile filling station with a pistol in his hand. The victim of the robbery also identified the defendant as the person who had held a gun upon him and pulled the receiver

loose from the telephone, while his confederate relieved him of his money. To say the very least, most lawyers would regard these circumstances as rather formidable to defend against.

Just as the trial was about to commence, the defendant personally requested the judge to supply him with trial counsel to replace his retained counsel who had represented him since the preliminary hearing and bind-over order. He gave as his reasons for such request that he could not afford to pay him, that he had been unable to procure a bond reduction and that he had talked to him only "about two times," had been "out of touch," and had not attended a pre-trial conference. The judge reviewed the record and determined that the cause had been pending for five months and that counsel had attended four pre-trial conferences on behalf of the defendant, had filed a petition for psychiatric examination and obtained the appointment of a psychiatrist for such purpose, that he had attended a hearing on the psychiatric examination, had negotiated with the prosecutor's office and had obtained unofficial discovery of the State's case. He questioned counsel and determined that he had prepared a petition for bond reduction but had not filed it because he had been unable to find a bondsman willing to assume the risk, that there had been no "plea bargain" offer from the prosecutor and that he was ready for trial. The motion for substitute counsel was properly refused.

As indicators of trial counsel's incompetence, the defendant asserts the following: Evidence which had not been sufficiently connected to the defendant was admitted without objection. Evidence obtained by search was admitted without the lawfulness of the search having been questioned. Error was not properly reserved for review concerning the form of the verdict and an improper communication between the bailiff and the jury.

Generally speaking, these issues are reviewable only if properly reserved, for error not objected to at trial will

not be reviewed on appeal. *McMinoway* v. *State* (1973), 260 Ind. 241, 294 N. E. 2d 803, *Pinkerton* v. *State* (1972), 258 Ind. 610, 283 N. E. 2d 376, *Barnes* v. *State* (1971), 255 Ind. 674, 266 N. E. 2d 617, *Webb* v. *State* (1972), 259 Ind. 101, 284 N. E. 2d 812. An exception to the foregoing, would occur if it were demonstrated that Defendant had been denied effective trial counsel and that under the circumstances, the defendant could not have had a fair trial. This exception is set forth in *Hayden* v. *State* (1964), 245 Ind. 591, 599, 199 N. E. 2d 102, reh. den. 201 N. E. 2d 329, and Defendant relies heavily upon this authority. We have reviewed the record. Defendant has failed to demonstrate how he was harmed by any of the errors complained of, if indeed they were errors; and the totality of the circumstances, as gleaned by our review, in no way demonstrates that the defendant could not have had a fair trial, so as to require us, under the rule of the *Hayden* case, to take judicial knowledge of errors not properly reserved and assigned.

Other issues presented by the motion to correct errors have not been carried into and treated in the argument herein in accordance with AP. Rule 8.3 (A) (7). They are accordingly deemed waived.

We find no reversible error and the judgment of the trial court is affirmed.

Arterburn, C.J., DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 308 N. E. 2d 697.