DONALD LEE MAXWELL *v.* STATE OF INDIANA.

[No. 1073S212. Filed November 26, 1974.]

*H. Pamela Allen* and *Joseph B. Barker, Kagan and Barker,* of Martinsville, for appellant.

*Theodore L. Sendak,* Attorney General, *William S. McMaster,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal from the denial of a motion to correct errors following the denial of a motion to vacate the prior judgment and to grant a new trial filed under Post-Conviction Remedy Rule 1. The motion was predicated upon alleged incompetence of counsel in that he failed to pre-

sent evidence favorable to the petitioner's plea of self-defense and that he failed to assert a defense of insanity. The issue before us is whether or not the evidence presented at the post-conviction hearing required the hearing judge to grant the motion.

Section 5 of Post-Conviction Rule 1 places the burden upon the petitioner to establish his grounds for relief by a preponderance of the evidence. *Payne* v. *State* (1973), 261 Ind. 221, 301 N.E.2d 514; *Haddock* v. *State* (1973), 260 Ind. 593, 298 N.E.2d 418. Further, there is a presumption that an attorney has discharged his duty fully, and it requires strong and convincing proof to overcome that presumption. *Haddock* v. *State, supra; Beck* v. *State* (1974), 261 Ind. 616, 308 N.E.2d 697; *Lowe* v. *State* (1973), 260 Ind. 610, 298 N.E.2d 421; *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686.

In post-conviction proceedings, as in other matters tried before the court, the trial judge, as the trier of facts, is the sole judge of the weight of the evidence and of the credibility of the witnesses. *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E. 2d 499.

At the hearing, the petitioner (defendant-appellant) presented the following testimony: He was under guardianship at the time of the homicide (9-17-67) and had been twice committed to mental institutions prior to 1967. The defendant and his counsel were aware of this at the time of trial. No witnesses were called on behalf of the defendant at the homicide trial. Three persons, all acknowledged not to have been witnesses to the homicide, could have testified that the defendant was not the aggressor. The deceased had made a statement earlier in the day that the homicide occurred, to the effect that he was going to kill someone or someone was going to kill him. A Mrs. Noaks, who had signed the defendant's commitment petitions, had contacted defense counsel prior to the trial and offered her assistance, and counsel scolded her and told her it was none of her business.

Counsel who represented the petitioner at the homicide trial testified as follows: He had practiced law for nineteen years, primarily in the field of criminal law, and that he had defended twenty-one homicide cases—six with successful suggestions of incompetence. He acknowledged that he knew of the petitioner's guardianship and mental disorder but that he did not regard him as being of unsound mind. From the circumstances preceding the homicide and also from the information given to him by the defendant, he regarded the plea of self-defense as the petitioner's best defense. The defendant had not asked him to subpoena anybody but had refused to permit counsel to subpoena the widow of the deceased because, he, the defendant, did not want her involved. Counsel further testified that through plea bargaining he had obtained an offer from the State to accept a plea of guilty to voluntary manslaughter, that he advised the defendant to accept it in view of highly incriminating evidence known to be available to the State but that the defendant refused the offer and said, "Let's take a chance."

We cannot say from the evidence presented by the petitioner that he carried his burden to establish grounds for relief. The considerations relevant to the determination of whether or not one was denied effective counsel were recently set forth in *Beck* v. *State, supra,* and authorities there cited. Petitioner did not establish by his evidence that his trial counsel was ineffective. However, even if we were to accept his evidence as a prima facie showing of his entitlement to relief, the judge at the post-conviction hearing was also confronted with the State's evidence to the contrary. He was the judge of the weight of the evidence and the credibility of the witnesses. We see nothing unlawful in his judgment, and it is hereby affirmed.

Arterburn, C.J., Givan and Hunter, JJ., concur; DeBruler, J., not participating.

NOTE.—Reported at 319 N.E.2d 121.