ALBERT MONROE COLVIN, JR., *v.* STATE OF INDIANA.

[No. 474S86. Filed January 10, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *William B. Bryan,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves III,* Deputy Attorney General, for appellee.

PRENTICE, J.—The petitioner (appellant) was convicted of First Degree Murder and sentenced to life imprisonment upon a plea of guilty entered in 1959. The record from the guilty plea hearing discloses that he was living with Alma Moss and her young children. He and Alma were having domestic problems, and he had been drinking heavily for some time prior to the homicide. On the fateful night, he intended to kill Alma but instead killed her three year old son who somehow got in his line of fire. He fired again at Alma, this time wounding her and then shot himself, inflicting a superficial wound. The matter is now before us on appeal from the denial of a post-conviction petition under Post-Conviction Rule 1, seeking to vacate the judgment, set aside the guilty plea and obtain a jury trial.

Petitioner contends that he was denied due process of law in that statements were taken from him by the State shortly after the homicide, without his having been properly advised and without benefit of counsel. He further asserts that he was denied due process of law in that his guilty plea was not voluntarily and knowingly made. As sub-issues under this latter issue, he charges that his counsel was incompetent, in that he failed to communicate to the petitioner the essential elements of the crime charged, in consequence of which the petitioner did not distinguish between "legal" guilt of first degree murder and what he terms "moral" guilt for the death of the child, and further that the rapidity of the pro-

ceedings prevented him from making a voluntary and knowing plea.

The shooting incidents occurred at about 5:30 in the evening of January 12, 1959. Petitioner was taken into custody at approximately 6:15 and taken to the hospital where he was given first aid. He was removed to the jail at about 7:30 p.m.; and at approximately 9:00 p.m. he was removed to an office where he was interrogated by the prosecutors and other representatives of the State, in the presence of the court reporter and acknowledged his guilt. The following morning, he was taken before the grand jury. The record does not disclose what testimony he gave to the grand jury, but we presume that he further incriminated himself. An indictment for first degree murder was returned and filed on January 19th. On January 20th, the defendant who had been held in the meantime without benefit of counsel, was taken before the court for arraignment. The court advised him generally of his rights, including the right to a trial either before the court or before a jury and the right to counsel. When asked if he wanted the court to appoint counsel, he replied that he believed that he had already caused the county too much expense and trouble. The court, nevertheless, did appoint an attorney who appeared immediately and requested a brief recess to confer with his client. These proceedings occurred in the afternoon, and the attorney returned a few minutes later and requested a twenty-four hour continuance of the arraignment proceedings. Whereupon, the court continued the matter until 9:00 o'clock the following morning.

On the following day, the petitioner appeared with counsel and was arraigned. The indictment was read and he was asked what he wished to do at that time. Thereupon, the petitioner's attorney advised that the defendant would enter his own plea. When the court asked the defendant for his plea he replied that his defense counsel had advised him to the best of his ability but that his desire was still to plead

guilty. He further advised that he was doing the same voluntarily and had been made no promises or threats.

The prosecuting attorney then proceeded to interrogate the defendant, and he identified the statement he had given on the night of the crime, which was a confession, and the same was introduced into evidence without objection. The court then interrogated the petitioner who testified that his attorney had advised him of the statute, that he knew the penalty and made his plea voluntarily. Petitioner's attorney followed with a very lengthy statement to the court explaining in detail the reason for the guilty plea and urging the court to invoke a life sentence as opposed to the death penalty. This statement revealed that the attorney had very carefully informed himself as to the avenues of defense available to the defendant and what he considered to be their futility. It further revealed that he had conferred at length with the petitioner who expressed his remorse and his desire to plead guilty, and that the attorney had agreed with him. At the post-conviction hearing, the petitioner testified that he was, at the time the guilty plea was entered, still suffering from the trauma of his experience and the aftermath of several weeks of heavy drinking. He stated that he had no conception of the various degrees of homicide but that he entered the guilty plea because of a feeling of moral guilt, in that he had caused the child's death. He insists that it was not until several years later that he learned in the prison of the various defenses that would have been available to him and that in view of such defenses, although he was still morally guilty in his own mind, he was not guilty according to law.

We are aware of no authority for the proposition that the swiftness of the judicial process may constitute a per se denial of due process, and the petitioner has cited us to none. In *Powell* v. *Alabama* (1932), 287 U.S. 45, 59, 53 S. Ct. 55, 77 L. Ed. 2d 158, 165, cited by the petitioner, the court said:

"* * * The prompt disposition of criminal cases is to be commended and encouraged. But in reaching that result a defendant, charged with a serious crime, must not be stripped of his right to have sufficient time to advise with counsel and prepare his defense."

In that case, however, the swiftness of the process was but one factor utilized by the Supreme Court in concluding that the defendants therein were denied effective assistance of counsel. In the case at bar, the swiftness of the process, as well as the other surrounding circumstances, may well be a factor in determining whether the guilty plea was voluntarily and knowingly given and whether or not the petitioner had effective assistance of counsel. However, we do not believe that it forms independent grounds for relief. The petitioner was not forced into trial without sufficient time for his counsel to adequately prepare. Rather, counsel reached a prompt decision that a plea of guilty was in the best interests of his client. There is no indication that such decision was not judiciously reached. On the contrary, there is every indication to the contrary and that a further delay was not needed and would not have altered the ultimate decision.

Section 5 of our PC. Rule 1 places the burden upon the petitioner to establish his grounds for relief by preponderance of the evidence. *Payne* v. *State* (1973), 261 Ind. 221, 301 N.E.2d 514; *Haddock* v. *State* (1973), 260 Ind. 593, 298 N.E.2d 418. Further, there is a presumption that an attorney has discharged his duty fully, and it requires strong and convincing proof to overcome that presumption. *Haddock* v. *State, supra; Beck* v. *State* (1974), 261 Ind. 616, 308 N.E.2d 697; *Lowe* v. *State* (1973), 260 Ind. 610, 298 N.E.2d 421; *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686.

In post-conviction proceedings, as in other matters tried before the court, the trial judge, as the trier of facts, is the sole judge of the weight of the evidence

and of the credibility of the witnesses. *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499.

Notwithstanding the petitioner's testimony that counsel permitted the proceedings to move too swiftly and that he failed to advise him properly and make him comprehend all of the legal intricacies of his position, the trial court was nevertheless justified in finding against him upon this issue.

We know of no case prior to *Boykin* v. *Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, where a defendant represented by counsel, not shown to have been ineffective, was permitted to withdraw a guilty plea upon a claim that it was not knowingly and voluntarily made. We have previously determined that *Boykin, supra,* has no retroactive application. *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803. Therefore, upon the court's finding that the petitioner was represented by competent counsel, the voluntariness of his plea necessarily follows, and the other issues herein are moot.

The decision of the trial court is affirmed.

Givan, C.J., Arterburn and Hunter, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 321 N.E.2d 565.