WILLIAM RANDOLPH CAMPBELL *v.* STATE OF INDIANA.

[No. 2-873A176. Filed June 12, 1975.]

*Harriette Bailey Conn, (Mrs.)*, Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell D. Millbranth,* Deputy Attorney General, for appellee.

PER CURIAM—William Randolph Campbell, petitioner, is appealing the denial of his petition for Post-Conviction Relief in which he claims incompetent counsel and prejudicial conduct on the part of the original trial court.

We affirm.

On May 27, 1968, petitioner was found guilty of First Degree Burglary and sentenced to the Indiana Reformatory for a period of ten to twenty years.[1] He filed his first petition for Post-Conviction Relief on February 4, 1972. On April 29, 1972 the trial court granted the State's motion for summary disposition. After a change of venue from the judge, petitioner filed his second petition for Post-Conviction Relief, said petition being denied on January 10, 1973. It is from denial of the second petition that petitioner takes this appeal.

Petitioner first sets out the following occurrences as supporting his contention that he was not effectively represented by his counsel at trial: (1) Trial counsel failed to attempt to get petitioner's bond reduced. (2) Trial counsel failed to discuss possible defenses with petitioner. (3) Trial counsel failed to appear two different times for hearings on petitioner's *pro se* Writ of Habeas Corpus. (4) Trial counsel failed to preserve any of the issues raised by the Writ in his motion for a new trial. (5) Petitioner waived his right to a jury trial on the advice of his counsel. (6) Trial counsel filed a plea of insanity without first consulting with petitioner. (7) Petitioner was only able to talk to his counsel in the courtroom on one occasion. (8) Petitioner submitted a list to his counsel of possible witnesses to be subpoenaed but these witnesses were not called. (9) Certain damaging exhibits were entered into evidence without trial counsel objecting to them. And (10) trial counsel filed a motion for a new trial without prior discussion with petitioner.

It is contended that the totality of the above circumstances establishes that petitioner's court-appointed counsel failed to provide an effective defense and, as a result, he is entitled to a new trial.

Section 5 of Post-Conviction Rule 1 states that the petitioner has the burden of establishing his grounds for relief by a

---

1. Petitioner's direct appeal was unsuccessful. *Campbell* v. *State* (1971), 256 Ind. 40, 266 N.E.2d 797.

preponderance of the evidence. *Maxwell* v. *State* (1974), 262 Ind. 526, 319 N.E.2d 121; *Payne* v. *State* (1973), 261 Ind. 221, 301 N.E.2d 514. In deciding whether the Post-Conviction decision was contrary to law, this Court cannot weigh the evidence nor determine the credibility of witnesses. *Maxwell, supra; Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499.

When faced with a claim of denial of effective assistance of counsel, this Court will look to the totality of the circumstances to determine whether trial counsel was competent or not. Instances of poor strategy, improvident tactics, or inexperience do not conclusively amount to ineffective assistance of counsel, unless, when taken in their entirety, the trial was a mockery of justice. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686; *Kindle* v. *State* (1974), 161 Ind. App. 14, 313 N.E.2d 721. While each case of alleged incompetency turns on its own particular facts, *Baker* v. *State* (1974), 262 Ind. 543, 319 N.E.2d 344, the trial counsel is presumed to be competent and there is required strong and convincing proof to overcome this presumption. *Maxwell, supra; Hoskins, supra; Isaac* v. *State* (1971), 257 Ind. 319, 274 N.E.2d 231; *Cross* v. *State* (1974), 161 Ind. App. 616, 316 N.E.2d 685.

Matters such as raising particular issues on appeal, waiving a jury trial, filing a plea of insanity, calling witnesses and objecting to the admission of particular items into evidence constitute trial strategy and any misjudgment arising therefrom will not warrant reversal unless, when taken in its entirety, the proceeding was a mockery of justice. *Lowe* v. *State* (1973), 260 Ind. 610, 298 N.E.2d 421. *Blackburn, supra.* The mere fact that a different attorney might have employed other strategy makes neither incompetent. *Blackburn, supra.* Petitioner has failed to present any proof which overcomes the presumption that his trial counsel's tactics and strategy were competent.

As to the alleged lack of communication between petitioner and counsel, no argument is proffered showing how such

action resulted in denial of effective counsel. *Daniels* v. *State* (1974), 160 Ind. App. 582, 312 N.E.2d 890. Bald assertions of incompetence without a clear showing of harm do not allow reversal. *Beck* v. *State* (1974), 261 Ind. 616, 308 N.E.2d 697; *Kindle, supra.*

Contrary to petitioner's claims, the totality of the evidence in this particular case reveals that petitioner's trial counsel was present at arraignment and two habeas corpus hearings, filed a plea of insanity as a possible defense (counsel withdrew said plea after court appointed psychiatrists concluded that petitioner was legally sane), conducted sound cross-examination of the State's witnesses, asked preliminary questions on four occasions, and filed a motion for a new trial based upon what he felt were the only viable issues.

Moreover, it is concluded that petitioner has failed to sustain his burden of establishing by a preponderance of the evidence that his trial counsel, by poor strategy or lack of communication with petitioner, failed to discharge his duties fully and competently. No reversible error has been indicated.

Petitioner next contends that the trial judge conducted himself in such a biased and prejudicial manner that he was denied a fair and impartial trial. The first such instance referred to by petitioner occurred when his trial counsel was asking preliminary questions of a police officer:

"Q. And did you request anyone skilled in taking fingerprints to come to the scene of this crime?
A. Yes, sir. Car 99 was called to the scene.
Q. And who arrived?
A. Officer Ward.
Q. And did he take any finger prints? Attempt to take any?
A. He took —
MR. PETERS: Objection. This concerns the testimony of Officer Ward.
THE COURT: Overruled. The answer could be most beneficial to the State of Indiana."

The second instance of alleged prejudicial conduct occurred when the State prematurely rested its case in chief:

"MR. PETERS: State rests.
THE COURT: Mrs. Bowers? State rests?
MR. PETERS: We'll call Mrs. Bowers."

A trial judge must necessarily be allowed considerable discretion in the conduct of the proceedings so as to insure discipline and control throughout the trial. *Dixon* v. *State* (1972), 154 Ind. App. 603, 290 N.E.2d 731. It is the function of this Court on review to determine whether the trial judge abused that discretion "by intrusion of self into the proceedings in such a manner that the presentation of the defendant's case (was) jeopardized." *Dixon, supra,* p. 740. See: *Gray* v. *State* (1971), 256 Ind. 342, 268 N.E.2d 745; *Owens* v. *State* (1971), 255 Ind. 693, 266 N.E.2d 612; *Dean* v. *State* (1970), 254 Ind. 190, 258 N.E.2d 636. Thus, petitioner has the burden of proving that the trial judge's conduct prejudiced his case in such a manner that a properly conducted new trial would produce a different result. *Anderson* v. *State* (1973), 157 Ind. App. 440, 300 N.E.2d 674.

While petitioner has made no attempt to show how he was harmed by the trial court's first quoted statement above, it is argued in the second instance that the State could not have proved the requisite elements of burglary without the court's intervention. However, a careful reading of the original transcript reveals that the witness in question testified only to the fact that the glass in her back door was broken and that one of the stolen articles belonged to her. Since this evidence had already been adduced at trial by way of the investigating police officer and the witness's husband, her testimony was merely cumulative and was in no way needed to prove the essential elements of the crime charged.

Petitioner has failed to prove how he was prejudiced by the court's conduct so that the outcome of the trial would have been different had the remarks not been made.

Accordingly, we affirm.

NOTE.—Reported at 329 N.E.2d 55.