GRENDA RAY HARMER v. STATE OF INDIANA.

[No. 2-1074A261. Filed August 26, 1975.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *William B. Bryan*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert S. Spear*, Deputy Attorney General, for appellee.

PER CURIAM—The only issue presented for review by Grenda Ray Harmer's appeal is whether the trial court erred in denying his petition for post-conviction relief and refusing to allow him to withdraw his plea of guilty to a charge of First Degree Burglary.[1]

We affirm.

After his arrest, Harmer was advised of and waived his constitutional rights and confessed to the burglary of the Lybarger home near Geneva, Indiana. Following his appointment, Harmer's counsel suggested Harmer lacked competency to stand trial and, after psychiatric examination, he was committed to the Norman Beatty Hospital. The hos-

---

1. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956).

pital returned him shortly thereafter, reporting that he was competent to stand trial. When offering his plea of guilty, Harmer acknowledged the confession and independently admitted the burglary. Testimony of investigating police officers provided further evidence of Harmer's guilt. In return for his guilty plea, Harmer received a reduced sentence pursuant to the Minor's Act[2] and a charge of jail breaking was dismissed.

In his petition for post-conviction relief, Harmer contends he was incompetent when he made his confession and it should have been suppressed. Recognizing that the absence of any attempt to suppress or otherwise contest the validity of this confession prior to the entry of judgment precludes review of the underlying issue of this appeal, he bases his request for post-conviction relief on asserted incompetency of counsel in failing to challenge the confession.

A guilty plea entered by one who is denied assistance of competent counsel is not voluntarily, intelligently and knowingly entered and, upon request, must be permitted to be withdrawn. *Colvin* v. *State* (1975), 262 Ind. 608, 321 N.E.2d 565. In order to establish the invalidity of this plea and prevail on a petition for post-conviction relief, the petitioner must rebut the presumption that his counsel provided competent representation. *Kelly* v. *State* (1972), 259 Ind. 414, 287 N.E.2d 872. A showing of resultant harm to the petitioner is essential to a valid claim of incompetent counsel. *Beck* v. *State* (1974), 261 Ind. 616, 308 N.E.2d 697. When offering his plea of guilty, Harmer admitted, independent of the prior confession, committing the charged crime and other evidence of his guilt was presented. He makes no assertion the incompetency which allegedly rendered his pre-arraignment confession invalid was again present at the guilty plea hearing. By validly re-confessing his guilt at arraignment, Harmer provided an independent basis for his plea and the failure of his counsel

2. IC 1971, 35-8-3-1 (Burns Code Ed.)

to seek suppression of the prior confession could not have prejudiced his rights.

Since Harmer established no harm resulting from his counsel's failure to seek suppression of his pre-arraignment confession, he failed to rebut the presumption that his counsel provided competent representation and the trial court committed no error in denying his petition for post-conviction relief.

The judgment of the trial court is therefore, affirmed.

NOTE.—Reported at 332 N.E.2d 814.