LARRY T. BENNETT *v*. STATE OF INDIANA.

[No. 3-475A74. Filed April 14, 1976. Rehearing denied May 20, 1976. Transfer denied September 8, 1976.]

*Frank J. Galvin, Jr.*, of Hammond, for appellant.

*Theodore L. Sendak*, Attorney General, *Arthur Thaddeus Perry*, Deputy Attorney General, for appellee.

GARRARD, J.—Larry T. Bennett was convicted by a jury of the crime of robbery. His appeal questions the sufficiency of the evidence and the failure of his trial attorney to secure

suppression of certain evidence as having been obtained through an illegal arrest. We affirm.

The challenge launched at the sufficiency of the evidence attacks the identification of Bennett as a participant in the robbery. He points out that the robbery occurred at night some six months before the trial and that the victim observed his assailants for only about three minutes. However, the evidence supporting the verdict established that the robbery occurred only a hundred feet from a street light and that the victim positively identified Bennett as the individual who held a gun on him during the robbery. This identification was made both at trial and minutes after the robbery occurred when Bennett and his companions were apprehended. Thus, Bennett's assertion of error resolves into a request that we reweigh the evidence, an invitation we must decline. *Linnemeier* v. *State* (1975), 165 Ind. App. 31, 330 N.E.2d 373.

Bennett also claims that evidence introduced at his trial should have been suppressed as having been acquired through an illegal arrest. He recognizes that no challenge to the introduction of the evidence on this ground was made at the suppression hearing or at trial. However, he asserts that under the language employed by the court in *Beck* v. *State* (1974), 261 Ind. 616, 308 N.E.2d 697, he may still assert the error.

The starting point for examining Bennett's claim is the rule of appellate review holding that errors asserting the improper introduction of evidence at trial must have been raised at the trial, or they will not be considered on appeal. The rule applies even though the error assigned has constitutional proportions. *See, e.g., Johnson* v. *State* (1972), 257 Ind. 682, 278 N.E.2d 577. The rationale for the necessity of the rule was explained at length by Judge Sullivan in *Winston* v. *State* (1975), 165 Ind. App. 369, 332 N.E.2d 229.

Although they are not cited by counsel, we are of course aware of those cases in Indiana which have recognized funda-

mental constitutional error as a ground for reversal even though the error was not raised before the trial court. *See, e.g., Webb* v. *State* (1972), 259 Ind. 101, 284 N.E.2d 812, and cases cited in *Winston, supra.*

In *Hayden* v. *State* (1964), 245 Ind. 591, 199 N.E.2d 102, *cert. den.* 384 U.S. 1013, the appellant assigned as error the incompetency of trial counsel and in support of his claim, asserted the failure of counsel to object at trial to the introduction into evidence of what was claimed to be an illegally obtained confession. This assertion was first made in the errors assigned on appeal. The Supreme Court affirmed the conviction, but recognized that it would be unlikely for trial counsel to assert his own incompetence in a motion for new trial and conjectured that:

> ". . . [A] possible exception to the rule might be made where the error appears as a matter of record and is of such a nature that this court can take judicial knowledge that such error being present, the appellant could not, under any circumstances, have had a fair trial." 245 Ind. 591, 599, 199 N.E.2d 102, 107.[1]

While the *Hayden* dictum might be read as merely a recognition of the existence of the fundamental error doctrine, the court in *Beck* v. *State* (1974), 261 Ind. 616, 308 N.E.2d 697, was clearly speaking to an allegation of incompetent counsel and the evidence that might sustain such a charge.

In *Beck,* the court again affirmed a conviction over a charge that defendant had been represented by incompetent counsel. However, relying on Hayden, the court stated that while ordinarily it would not consider asserted errors occurring at trial where no objection had been made, an exception would exist if it were demonstrated that the accused had been represented by incompetent counsel and could not have had a fair trial.

---

1. As to appellant's failure to assert the error in his motion for new trial, the Court in *Hayden* noted that appellate counsel should have presented the error to the trial court by *coram nobis.* Such procedure is now available through our proceedings for post conviction relief.

Bennett's argument may be taken to assert that "fundamental error" existed in his post arrest identification or in the evidence seized by the police, so that no objection was necessary at trial to preserve error. Our courts have heretofore rejected this argument as to both identification and seizure of evidence, and we reject it now. For identification cases, *see, Johnson, supra; Zupp* v. *State* (1972), 258 Ind. 625, 283 N.E.2d 540; *Jenkins* v. *State* (1971), 256 Ind. 86, 267 N.E.2d 72. For evidence obtained as the result of an allegedly illegal search, *see, Foster* v. *State* (1974), 262 Ind. 567, 320 N.E.2d 745; *Hewitt* v. *State* (1973), 261 Ind. 71, 300 N.E. 2d 94.

Bennett additionally asserts that the failure of counsel to move to suppress the evidence or object to its introduction at trial on the ground that Bennett's arrest was illegal demonstrates that he had incompetent counsel. We again disagree.

Assuming *arguendo* that under *Beck* the charge of incompetent counsel could be raised for the first time on appeal, it avails Bennett nothing. To establish grounds for relief it must appear that counsel's conduct was such as to shock the conscience of the court and make a mockery of the proceedings. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686; *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255; *Davis* v. *State* (1975), 164 Ind. App. 331, 328 N.E.2d 768.

Here counsel did move to suppress the evidence, although not on the basis now urged by Bennett. Even so, the transcript of the suppression hearing discloses that the trial judge considered the question of Bennett's arrest, and the evidence introduced was sufficient to support a determination that the arresting officer had probable cause when he took Bennett into custody. Furthermore, the record at trial discloses that Bennett's trial counsel actively cross examined the state's witnesses on the issue of identification and the circumstances which were relevant, if doubt were to be established. We cannot say that the trial was in any sense a mockery or sham.

We therefore affirm the judgment.

Staton, P.J., concurs in result with opinion; Hoffman, J., concurs.

## CONCURRING OPINION

STATON, P.J.—I concur in the majority opinion's treatment of the issue on sufficiency of the evidence. For the reasons stated below, I concur in result only on the issue of inadmissible evidence. The precise question raised by Bennett on appeal is whether he was denied the effective representation of counsel as guaranteed by the Sixth Amendment to the United States Constitution. In support of this argument, he contends that he was denied the effective assistance of counsel because his trial counsel failed to challenge the admission of certain evidence on the ground that the evidence was the fruit of an arrest made without probable cause. The issue concerning incompetent counsel is raised for the first time in appellant Bennett's brief to this Court.[1]

First of all, I would point out that the well established rule of appellate review, that failure to object at trial on the grounds argued on appeal constitutes a waiver of the issue,[2] is not relevant to this appeal. The issue of inadmissible evidence is only raised in conjunction with the issue of incompetent counsel. Consideration of whether the evidence was so blatantly inadmissible as to demonstrate incompetent representation by counsel is the real issue on appeal.

Secondly, the Supreme Court of Indiana has clearly established that the issue of competency of trial counsel may be raised for the first time on appeal as fundamental error. *Wilson* v. *State* (1943), 222 Ind. 63, 51 N.E.2d 848. In *Wilson, supra,* 222 Ind. at 78, 51 N.E.2d at 854, the Supreme Court of Indiana stated the following concerning appellant's

---

1. Bennett's trial counsel, who prepared the motion to correct errors, is not the same counsel who prepared the brief on appeal.

2. See *Jones* v. *State* (1973), 260 Ind. 463, 296 N.E.2d 407; *Garner* v. *State* (1975), 163 Ind. App. 573, 325 N.E.2d 511.

argument that he was deprived fundamental constitutional rights because of inadequate representation by trial counsel:

". . . The easy course would have been to examine the motion for new trial and, having found that the errors relied upon are not mentioned therein, to have affirmed the judgment. For such a decision there are many precedents. But in a case involving an appellant's life or liberty we may not ignore prejudicial errors affecting his constitutional rights when, as here, they are clearly and adequately presented in appellant's brief with supporting bill of exceptions. The procedural rules that would prevent their consideration must give way to the fundamental principles of due process. . . ."

The majority opinion implies that the law in Indiana is not settled on the question of whether an assertion of incompetent counsel may be raised for the first time on appeal as fundamental error. I disagree. However, I do agree with the majority opinion's conclusion that Bennett's trial representation was not inadequate. Therefore, I concur in result.

NOTE.—Reported at 345 N.E.2d 254.