WILLIAM HENRY HENSON *v.* STATE OF INDIANA.

[No. 1175S349. Filed September 13, 1976. Rehearing denied December 8, 1976.]

*Edward L. Volk, Newby, Lewis, Kaminski & Jones,* of LaPorte, *Norman L. Lowery, Rosenfeld, Wolfe, Frey & Lowery,* of Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

DeBRULER, J.—Petitioner-appellant, William Henry Henson, appeals from a denial of post-conviction relief. In 1965, he pleaded guilty to four counts of second degree murder. On January 3, 1974, he filed a petition for post-conviction relief. As finally amended, he stated three grounds for his petition to vacate his plea and have a trial. The first was that he was "mentally incompetent at the time he entered his guilty plea and did not knowingly or intelligently waive any of the constitutional rights to which he was entitled in the absence of such guilty plea." On August 9, 1974, and on August 22, 1974, the trial judge heard evidence on the issue of petitioner's competency at the time he pleaded guilty, as well as on the other grounds for the grant of a trial. He also considered petitioner's brief. On October 3, 1974, he found in favor of petitioner. The judge determined that "there has been sufficient evidence in the record to show to the court there is a question as to the Defendant's competency to stand trial and understand the proceedings against him. The Court now vitiates the plea to Second Degree Murder and the plea having been vitiated, the sentence is hereby vacated for four counts." The judge then appointed two psychiatrists to determine petitioner's present competency.

The psychiatrists reported that petitioner was now competent. The State refiled four new charges of second degree murder. Three psychiatrists were appointed to determine petitioner's sanity at the time of the crime. They reported that he had been temporarily insane. Petitioner filed a notice of a special defense of insanity. Then, on April 4, 1975, five weeks before the date of trial, the State filed a motion pur-

suant to Ind. R. Tr. P. 60(B)(2) and (8) to vacate the decision of October 3, 1974, and reinstate petitioner's guilty pleas. The ground for the motion was this Court's decision in *Colvin* v. *State,* (1975) 262 Ind. 608, 321 N.E.2d 565. The State argued that *Colvin* was handed down more than sixty days after the October 3, 1974, judgment, so that it was not possible for the State to file a motion to correct errors based on that case. The State argued that the trial court had to reverse its decision to conform to the law of Indiana as defined by this Court:

> "The *Colvin* decision was decided subsequent to this Court's prior decision granting relief to the petitioner herein and therefore the Court did not have the benefit of a Indiana Supreme Court decision which squarely addressed the issue presented by the petitioner in his Petition. Mindful of the *Colvin* decision, justice requires that the petitioner's Post Conviction Relief be denied; any other judgment would be contemptuous of the judicial system as well as a mockery of the principle of stare decisis."

The State's motion and brief also compared the facts of the *Colvin* case with the facts of this case and argued that the holding of that case comprehended the situation of petitioner's plea.

After a hearing on April 17 and April 22, 1975, the trial judge issued findings of fact and conclusions of law. He stated that he had based his October 3, 1974, decision on a finding that petitioner was incompetent at the time of his plea.

> "The Court further concludes that the case of *Colvin* v. *State, supra* is dispositive of the issue herein, in that the Petitioner entered his pleas of guilty prior to the case of *Boykin* v. *Alabama, supra,* that counsel of record for the Petitioner in 1965 were competent and not known to be ineffective, and that, therefore, the voluntariness and knowingness of Petitioner's pleas of guilty entered in 1965 necessarily follows. . . ."

On that basis, the court denied the petition and reinstated petitioner's four guilty pleas to second degree murder. From this judgment, petitioner filed a motion to correct errors which was denied. Petitioner appeals from that determination.

Appellant raises three major issues on appeal: (1) Does Trial Rule 60(B) apply to this case? (2) If it does, does *Colvin* v. *State* hold that the presence of competent counsel precludes any subsequent attack on the entry of a guilty plea, notwithstanding the fact that the defendant was incompetent at the time? (3) Was it a denial of due process for the prosecutor to withhold from the defense the report of a psychiatrist who examined appellant the day of the murders and who concluded that appellant was legally insane at the time of the offense?

We decide this case on the second ground raised by appellant. Assuming the State could challenge the trial court's final judgment on appellant's post-conviction petition, Ind. R.P.C. 1, § 6, by recourse to Trial Rule 60(B) after the time for an appeal had passed, still the *Colvin* case upon which the Trial Rule 60 motion relied does not in fact work the controlling change in the governing law which the State has asserted.

In its brief in support of its motion pursuant to Trial Rule 60, the State noted the facts set out in the *Colvin* opinion. At Colvin's post-conviction hearing, he testified that "he was, at the time the guilty plea was entered, still suffering from the trauma of his experience and the aftermath of several weeks of heavy drinking. He stated that he had no conception of the various degrees of homicide but that he entered the guilty plea because of a feeling of moral guilt, in that he caused the child's death." 321 N.E.2d at 567. Colvin also had been having domestic troubles. He shot and killed his son and wounded his son's mother on January 12, 1959. On January 21st, twenty-four hours after counsel was appointed to represent him, Colvin pleaded guilty to first degree murder.

This Court did not discuss Colvin's competency to understand the charges against him, etc. The Court held that the trial court had correctly denied Colvin's post-conviction petition "[n]otwithstanding the petitioner's testimony that counsel permitted the proceedings to move too swiftly and that he failed to advise him properly and make him comprehend

all of the legal intricacies of his position." 321 N.E.2d at 567. The Court then stated:

"We know of no case prior to Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, where a defendant represented by counsel, not shown to have been ineffective, was permitted to withdraw a guilty plea upon a claim that it was not knowingly and voluntarily made. We have previously determined that *Boykin* (supra) has no retroactive application. Conley v. State (1972), [259] Ind. [29], 284 N.E.2d 803. Therefore, upon the court's finding that the petitioner was represented by competent counsel, the voluntariness of his plea necessarily follows. . . ." 321 N.E.2d at 567-68.

In spite of the broad language of this closing paragraph of *Colvin,* it may not be interpreted as a holding that an incompetent person's guilty plea is necessarily knowing and intelligent if he has competent counsel. In *Drope* v. *Missouri,* (1975) 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103, Chief Justice Burger set out the common law position:

"It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial. Thus, Blackstone wrote that one who became 'mad' after the commission of an offense should not be arraigned for it 'because he is not able to plead to it with the advice and caution that he ought.' Similarly, if he became 'mad' after pleading, he should not be tried, 'for how can he make his defense?' 4 Blackstone's Commentaries 24 (9th ed. 1783). See Youtsey v. United States, 97 F. 937, 940-946 (CA6 1899). Some have viewed the common-law prohibition as a by-product of the ban against trials *in absentia;* the mentally incompetent defendant, though physically present in the courtroom, is in reality afforded no opportunity to defend himself.' Foote, 'A Comment on Pre-Trial Commitment of Criminal Defendants.' 108 U. Pa. L. Rev. 832, 834 (1960). See Thomas v. Cunningham, 313 F.2d 934, 938 (CA4 1963). For our purposes, it suffices to note that the prohibition is fundamental to an adversary system of justice. See generally Note, 'Incompetency to Stand Trial,' 81 Harv. L. Rev. 455, 457-459 (1967)." 95 S.Ct. at 903-04.

In *Brady* v. *United States,* (1970) 397 U.S. 742, 90 S.Ct. 1463, 25 L.E.2d 747, the Court noted: "The requirement that

a plea of guilty must be knowing and voluntary to be valid has long been recognized. . . . The new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." 397 U.S. at 747, n. 4. (Citations omitted.) Although petitioner Brady had been represented by competent counsel and had pleaded guilty in 1959, the Court clearly did not conclude that that information was definitive. Instead, it noted:

"[T]he plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." 397 U.S. at 748.

The Court considered the evidence of voluntariness and of knowledge and concluded that the plea was not invalid. With regard to the evidence that Brady's plea was intelligently made, the Court stated:

"He was advised by competent counsel, he was made aware of the nature of the charge against him, *and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties.* . . ." 397 U.S. at 756. (Emphasis added.)

This Court, too, has considered the competency of the defendant although he was represented by competent counsel. In *Tinsley* v. *State,* (1973) 260 Ind. 577, 298 N.E.2d 429, we stated:

"It is an element of fundamental due process that a defendant cannot be placed on trial for a crime if he is mentally incompetent to understand the proceedings or participate in his defense. *Pate* v. *Robinson* (1966), 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; *Sims* v. *State* (1965), 246 Ind. 660, 208 N.E.2d 469." 260 Ind. 581-82.

In *Evans* v. *State,* (1973) 261 Ind. 148, 300 N.E.2d 882, we noted:

"[O]ne who may be incompetent to stand trial cannot be held to have knowingly and intelligently waived his right to a hearing on the matter by his failure to assert it ▮ at trial. The peculiar nature of the question of competency precludes the application of the usual waiver theory to it. *Pate* v. *Robinson* (1966), 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; *Tinsley* v. *State* (1973), 260 Ind. 577, 298 N.E.2d 429, fn. 1. The essential point in this case therefore becomes the competency of appellant. His ability to waive certain rights must first be decided before a waiver of them can be attributed to him since the answer to whether appellant has waived any defense of insanity he may have had must turn on the question of his competency at the time of trial." 261 Ind. at 158.

In both the *Tinsley* and the *Evans* cases, the defendants were represented by competent counsel. Clearly, only the defendant himself can waive his constitutional rights, and, before he can be found to have knowingly and intelligently waived them, he must be found to have been competent at the time.

The fact that a defendant was represented by a competent lawyer is relevant to a determination whether he was informed clearly and adequately of the rights set out in *Boykin*. It is not relevant to the essential determination of the defendant's competence to understand those rights. In determining whether to accept a guilty plea, the trial court must be concerned with two distinct issues: whether a defendant was advised of his constitutional rights, as required by *Boykin*, and whether he was able to understand the explanations, as set out in *Dusky* v. *United States*, (1960) 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824, and adopted in *Tinsley*, *supra*, 260 Ind. at 584.

The *Boykin* decision held that a plea of guilty was presumed to be unknowing and involuntary unless the record showed that the defendant had been advised of his rights. *Colvin* was addressed to that issue primarily. The present case is addressed to the issue, whether a person whom the trial court has found to have been incompetent at the time of his plea can have made a voluntary, knowing, and intelligent plea. Clearly, he cannot.

We reverse the decision of the trial court denying petitioner's petition for post-conviction relief on the basis of *Colvin* v. *State, supra,* and reinstate the court's October 3, 1974, grant of a new trial.

Givan, C.J., Hunter and Prentice, JJ., concur; Arterburn, J., dissents without opinion.

NOTE.—Reported at 354 N.E.2d 174.