CLARENCE HORTON *v.* STATE OF INDIANA.

[No. 476S98. Filed September 23, 1976.]

*Robert R. Garrett,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant, Clarence Horton, appeals from his convicton of second degree murder, Ind. Code § 35-1-54-1 (Burns 1975), for which he was sentenced to fifteen to twenty-five years imprisonment.

On December 17, 1974, appellant and two companions visited the Shrimp Harbor Restaurant in East Chicago in the early morning hours. At the Shrimp Harbor appellant was approached by the victim, who owned a nearby tavern, called "The Place." The victim asked appellant if appellant "wanted to make some money," and appellant agreed to go with the victim to his tavern. Appellant and his companions followed

the victim to the tavern. Appellant took a pistol from Tommie Lewis, one of his companions, and followed the victim into the tavern. After a scuffle just inside the doorway appellant shot the victim once in the head.

Appellant was arrested and after receiving *Miranda* warnings gave a statement to the East Chicago Police in which he admitted going to the tavern and shooting the victim. He related that when he arrived at the tavern he demanded the money the victim had spoken of and that thereupon the victim had attacked him. Appellant admitted taking the victim's checkbook, thinking it to be a wallet, and firing one shot as he fled, which he claimed was not aimed at the victim.

At appellant's trial the State's evidence consisted chiefly of appellant's statement and a description of the shooting by Tommie Lewis, one of appellant's companions. A jury convicted appellant of second degree murder.

Appellant raises two questions on appeal.

First appellant urges that there was insufficient evidence of purpose and malice, which are necessary elements of the offense of second degree murder. This Court has described purpose in the following terms:

"An act is done purposely if it is willed, is the product of a conscious design, intent or plan that it be done, and is done with an awareness of probable consequences." *McKinstry* v. *State*, (1975) 264 Ind. 29, 338 N.E.2d 636, 640.

Malice has been defined thus:

"An act is done with malice when it is done with 'any evil design in general.' In homicide, a purposeful killing is done with malice if it is done neither in self-defense nor in the heat of passion induced by sufficient provocation. *McKinstry* v. *State, supra,* at 640, and cases therein." *Shackleford* v. *State*, (1976) 264 Ind. 698, 349 N.E.2d 150, 154.

Both purpose and malice are mental states which must be proved by circumstantial evidence. This Court has frequently reiterated that malice and purpose may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death or great bodily harm.

*White* v. *State,* (1976) 265 Ind. 32, 349 N.E.2d 156, 160; *Taylor* v. *State,* (1973) 260 Ind. 264, 295 N.E.2d 600. Appellant testified on his own behalf that the victim was a homosexual who had attacked him in the tavern. The jury could have believed this testimony, but there was also ample evidence from which the jurors could have concluded that appellant shot the victim in the course of an argument over the money the victim had promised appellant, or in the course of an attempted robbery. In reviewing a verdict for sufficiency of the evidence, we do not resolve questions of credibility or weigh the evidence, but looking to that evidence which supports the verdict and reasonable inferences therefrom, we determine whether there is evidence of probative value from which the trier of fact could reasonably infer the existence of each element of the offense charged. Applying this standard we find that the evidence that appellant voluntarily accompanied the victim to his tavern, that appellant took a pistol from one of his companions into the tavern, and that appellant shot the victim while arguing over money was sufficient to permit the jury to infer that appellant shot the victim with purpose and malice.

Appellant also assigns error to the admission of scraps of paper which were the victim's checkbook and driver's license and which were found behind the pool hall where appellant was arrested. No objection was made at trial to their introduction. Appellant's motion to correct errors merely alleges "That the Court permitted an error of law in the conduct of the trial by allowing the admission of inadmissable [sic] evidence." There is nothing in the motion to identify the inadmissible evidence referred to.

Appellant acknowledges that his failure to object at trial to the admission of this evidence would ordinarily amount to a waiver of this claim of error, but contends that this Court will consider errors for the first time on appeal when to do otherwise would deny the accused "fundamental due process." We take this to refer to the doctrine enunciated in *Webb* v. *State,* (1972) 259 Ind. 101, 284 N.E.2d

812, that there exist errors so fundamental that an appellate court will consider them for the first time on appeal.

In this case, however, there is nothing in appellant's brief, motion to correct errors, or in the record to indicate to this Court why the admission of this exhibit was erroneous in any degree. Therefore even if we were to relax our rule that issues must be preserved by objection at trial to be presented on appeal, we must hold that appellant has waived any error in the admission of the evidence by failing to present argument on appeal showing the error and prejudice. Ind. R. Ap. P. 8.3 (A) (7).

We find no error in the trial of this appellant, and his conviction is accordingly affirmed.

Givan, C.J., Arterburn, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 354 N.E.2d 242.