MARVIN E. HAMILTON *v.* STATE OF INDIANA.

[No. 3-875A171.  Filed December 28, 1976.]

*Harriette Bailey Conn,* [*Mrs.*], Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HOFFMAN, J.—After his guilty plea, Marvin E. Hamilton was convicted of the criminal offense of possession of heroin in violation of the Uniform Narcotic Drug Act.[1] Subsequently Hamilton filed a *pro se* petition for post-conviction relief in an attempt to have his guilty plea set aside. On April 8, 1975, the trial court entered its findings of fact and conclusions of law and denied Hamilton's petition for post-conviction relief. Thereafter, Hamilton perfected this appeal in which he challenges the ruling of the trial court on the petition by arguing that he had been represented by incompetent counsel and that the plea bargain, upon which he entered his guilty plea, had been breached.

This court considered the evidentiary burden required of a petitioner on an appeal from the denial of a post-conviction relief in *Ruby* v. *State* (1975), 166 Ind. App. 310, 335 N.E.2d 635 (transfer denied), wherein it was stated at 636-37 of 335 N.E.2d that:

> "On review of a decision denying post-conviction relief, this court must be mindful that such a proceeding is in the nature of a civil action. *Hoskins* v. *State* (1973), [261] Ind. [291], 302 N.E.2d 499, 500. Where a petitioner for such relief has been unsuccessful in the trial court, he stands in the position of one appealing from a negative judgment, and must demonstrate on appeal that such judgment is contrary to law. *Pettit* v. *State* (1974), [160] Ind. App. [63], 310 N.E.2d 81. Thus, such an appellant must show that the evidence before the trial court was

---

1. IC 1971, 35-24.1-4.1-6 (Burns Code Ed.).

without conflict and led to but one conclusion, and that the trier of fact reached a contrary conclusion. *Souerdike* v. *State* (1952), 231 Ind. 204, 108 N.E.2d 136; *Marshall* v. *Ahrendt* (1975), [165] Ind. App. [359], 332 N.E.2d 223."

The record discloses that Hamilton had seven different criminal charges pending against him. His attorney represented him on one of these in a trial for theft, which resulted in a guilty verdict. Following this conviction, it was agreed that if Hamilton pleaded guilty to the two charges of narcotics possession the remaining charges would be dismissed. Although Hamilton asserts that he was ill-advised concerning this plea bargain and that his counsel failed to inform him which charge was before him during the trial for theft, other evidence produced at the hearing is to the contrary. His attorney spent considerable time in the preparation of a defense and in the consummation of the plea bargain. Moreover the guilty plea entered by Hamilton comports with the understanding conveyed by him to the trial court. Thus Hamilton has not shown that the evidence was without conflict in his favor. *Ruby* v. *State, supra.*

Hamilton's failure to properly raise an alleged error regarding the use of a "fill-in-the-blank" form at his guilty plea proceeding is waived. *Horton* v. *State* (1976), 265 Ind. 393, 354 N.E.2d 242. However, after a careful review of the record we find no evidence that Hamilton was not completely apprised of his rights or that his plea was not knowingly entered. *Emerson* v. *State* (1976), 169 Ind. App. 244, 348 N.E.2d 48.

The judgment of the trial court is affirmed.

Affirmed.

Garrard, J., concurs; Staton, P.J., dissents with opinion.

### DISSENTING OPINION

STATON, P.J.—I dissent. Hamilton entered his plea of guilty on February 1, 1974. IC 1971, 35-4.1-1-3 which requires the

trial court to address the defendant became effective on July 26, 1973. Hamilton was not addressed by the trial court. This is a plain error; therefore, Hamilton should be granted a new trial. *Kleinrichert* v. *State* (1973), 260 Ind. 537, 297 N.E.2d 822; *Goode* v. *State* (1974), 160 Ind. App. 360, 312 N.E.2d 109. Also see *Bennett* v. *State* (1976), 168 Ind. App. 680, 345 N.E.2d 254 (concurring opinion); *Norfrey* v. *State* (1976), 171 Ind. App. 590, 358 N.E.2d 202; *Ewing* v. *State* (1976), 171 App. 593, 358 N.E.2d 204 (dissenting opinion.).

NOTE.—Reported at 358 N.E.2d 211.