LAFAYETTE COOK *v.* STATE OF INDIANA.

[No. 1177S794. Filed August 28, 1978.]

*Thomas L. Ryan,* Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

PRENTICE, J.—In a trial by jury, the defendant (appellant) was convicted of Second Degree Murder, Ind. Code § 35-13-4-1 (Burns 1975), and sentenced to an indeterminate term of imprisonment of not less than fifteen (15) nor more than twenty-five (25) years. He presents the following issues on appeal:

(1) Whether the trial court erred in admitting a video taped statement into evidence, over objection of "hearsay" and "repudiation."

(2) Whether the verdict was sustained by sufficient evidence upon the elements of purposefulness and malice.

## ISSUE I

Defendant contends that the trial court erred in admitting into evidence a video taped statement made prior to the trial by James Fowlkes, a witness. Fowlkes was called by the State to testify as to the events surrounding the alleged murder. His version of the events as testified to at trial, differed greatly from that revealed by the tape. Although he admitted having made the statement, he denied the truth of the matters therein related. He further testified that he had been drunk at the time it was given, that he had been coerced into making it by threats of arrest and that he had no actual first hand knowledge of the events described. The trial court admitted

the statement over the defendant's objection that it was involuntarily given and that it contained hearsay.

The defendant concedes in his brief that *Patterson* v. *State,* (1975) 263 Ind. 55, 324 N.E.2d 482, would appear to cover the instant situation. In *Patterson* we held that out-of-court assertions are admissible as substantive evidence, where the declarant is available for cross examination at trial. The defendant seeks to distinguish *Patterson,* however, on the grounds that Fowlkes' alcoholism and his repudiation of the statement make it inherently unreliable and untrustworthy. We have previously held that the later repudiation of a statement is not a ground for objection under this theory. *Carter* v. *State,* (1977) 266 Ind. 196, 361 N.E.2d 1208; *Torrence* v. *State,* (1975) 263 Ind. 202, 328 N.E.2d 214.

With regard to the defendant's second claim, the weight and credibility of the evidence presented on the issue of voluntariness were matters for the jury to determine. They heard the witness testify that he was coerced into giving the statement and that it was based upon street talk. They also had before them the video taped version, wherein the witness stated, after having been fully advised of his rights, that he had been present at the scene and that he had first hand knowledge of the events. The jury also heard the detective who was present at the questioning, state that in his opinion the witness was not drunk at that time. The claim of involuntariness relates only to the credibility of the witness and was a matter for the jury to determine.

## ISSUE II

Upon the issue of insufficient evidence, the defendant claims that the State failed to prove the necessary elements of malice and purpose. As a court of review, we will neither reweigh the evidence nor judge the credibility of the witnesses, when presented with a claim of insufficient evidence. *Beasley* v. *State,* (1977) 267 Ind. 396, 370 N.E.2d

360; *Robinson* v. *State*, (1977) 266 Ind. 604, 365 N.E.2d 1218. We will look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom, to determine whether a reasonable trier of fact could have found the existence of each of the elements of the crime charged beyond a reasonable doubt. *Baum* v. *State*, (1976) 264 Ind. 421, 345 N.E.2d 831.

At the trial, several witnesses testified as to the events leading up to the stabbing of the decedent. Their testimony indicates that the defendant entered the home of Barbara and Bernastine Reynolds sometime in the afternoon on June 17, 1976. On entering, he immediately went over to where the decedent was sitting and began shouting at him. He wanted the decedent to return property which he allegedly had stolen from the defendant's home earlier that day. A fight broke out, during which time the defendant pulled a knife on the decedent and chased him out of the house and down the street. Anita Riley testified that she remembered telling the investigating officer that during the chase she heard the defendant yell that after he was through killing the decedent, he was going to kill another man whom he believed was involved in the burglary.

The decedent, who appears to have been unarmed, was backing down the street when he tripped and fell against a car. At that point the defendant got on top of him and began to hit him with an object which he was holding in his hand.

The decedent stumbled into a nearby tavern where he collapsed and later died. The physician who performed the autopsy testified that he had a total of ten stab wounds, one of which was fatal. The fatal wound was inflicted in the chest area.

As the defendant was leaving the crowd that had gathered, he walked up to one of the people, Jesse Allen, who had been present in the house when the fight started, grabbed him and said that if he had had a gun he would have killed every-

one in the house. The defendant then got into a car and dropped what appeared to be a hunting knife on the front seat.

It has frequently been stated by this Court that malice and the purpose to kill may be inferred from the use of a deadly weapon in a manner reasonably calculated to cause death or great bodily harm. *Starkey* v. *State*, (1977) 266 Ind. 184, 361 N.E.2d 902; *Horton* v. *State*, (1976) 265 Ind. 393, 354 N.E.2d 242. The evidence reasonably indicates that the defendant believed that the decedent had been involved in the burglary of his home. Acting on that belief and armed with a knife, he confronted the decedent, and a fight ensued between them. The decedent offered little resistance and retreated, but the defendant caught and stabbed him purposefully and with malice.

We find no error. The judgment of the trial court is affirmed.

Givan, C.J. and Hunter and Pivarnik, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 379 N.E.2d 965.