JAMES ROBBINS *v.* STATE OF INDIANA.

[No. 271S27. Filed October 22, 1971.]

*Mrs. Harriette Bailey Conn,* State Public Defender, *David J. Coleman,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by James Robbins from an adverse decision rendered in a proceeding initiated by him pursuant to Post-Conviction Remedy Rule 1. Appellant was convicted of a crime while armed with a deadly weapon, and on September 7, 1967, he was sentenced to the Indiana State Prison for the respective terms of life imprisonment and a determinate period of fifteen years. The conviction was affirmed by this Court. See, *Robbins* v. *State* (1968), 251 Ind. 313, 241 N. E. 2d 148. Thereafter, appellant petitioned for Writ of Habeas Corpus in the United States District Court for the Northern District of Indiana, which petition was denied due to failure to exhaust existing state remedies.

In the present Petition for Post-Conviction Relief appellant alleged the following:

1. That he was denied assistance of counsel at the critical state of the pre-trial, custodial proceedings; in particular, at the one-man hospital show-up, at which time the initial identification of petitioner was made by the victim;

2. That he signed a waiver of his constitutional rights under duress, fear, and force;
3. That the conviction rested on an oral confession secured by duress, promises, threats and fear;
4. That he was denied effective assistance of counsel, by which he was denied a fair trial.

After a hearing on the issues raised by appellant, the Honorable John T. Davis, Judge, Marion Criminal Court Division One, made the following findings of fact and conclusions of law pursuant to PC 1:

### FINDINGS OF FACT

1. That on or about the 7th day of September, 1967, the petitioner herein was sentenced to the Indiana State Prison for the crimes of kidnapping and commission of a felony while armed with a deadly weapon, receiving, therefore, the respective terms of life imprisonment and a determinate period of fifteen years, the petitioner having theretofore been convicted by a Jury of said crimes on or about the 23rd day of August, 1967.

2. That the defendant appealed his conviction herein through the Indiana Supreme Court and that said Court affirmed the conviction on or about October 30, 1968.

3. That the defendant has failed to establish his asserted grounds for relief by a preponderance of the evidence in the following particulars:

(a) The defendant failed to prove by a preponderance of competent evidence that he was illegally identified at the time of his arrest by the victim of the crimes.

(b) The defendant failed to prove by a preponderance of competent evidence that his confession was not voluntarily given.

(c) The Court finds that the defendant's waiver of his rights was knowingly and intelligently made free of force and duress.

(d) The Court finds that the defendant was represented in this cause in a competent and able manner by competent and able counsel.

(e) The Court finds that there was no misconduct during the trial on the part of the State of Indiana.

(f) The Court finds that all of the issues raised in the petitioner's Petition for Post-Conviction Relief, except the issue of misconduct by the State of Indiana, have been previously presented to other Courts in other proceedings.

## CONCLUSIONS OF LAW

1. That the law is with the State of Indiana and against the petitioner.

Appellant's Motion to Correct Errors was overruled, and the following issues have been raised on appeal:

1. That the trial court erred in finding that appellant was represented in this cause in a competent and able manner by competent and able counsel.

2. That the trial court erred in finding that all of the issues raised in the Petition for Post-Conviction Relief, except the issue of misconduct by the State of Indiana, have been previously presented to other courts in other proceedings.

In support of the contention that he was denied the effective assistance of counsel at trial, appellant draws our attention to the indictment charging him with the commission of a felony while armed with a deadly weapon. The indictment omits an element of the crime in that it fails to allege that appellant was over the age of sixteen (16) years. It is urged that the failure to file a motion to quash that part of the indictment is an error concerning a matter so basic that competent counsel would not have overlooked it.

Appellant is correct in his argument that age is an element necessary to be alleged and proved to sustain a conviction

pursuant to Ind. Ann. Stat. § 10-4709 (1968 Supp.). See, *Watson* v. *State* (1957), 236 Ind. 329, 140 N. E. 2d 109; *Goldstine* v. *State* (1952), 230 Ind. 343, 103 N. E. 2d 438. However, appellant has failed to show how this oversight was prejudicial or harmful to him. At the hearing for post-conviction relief, appellant admitted that he was twenty-three (23) years of age, thus the *youngest* he could have been when the crime was committed was nineteen (19) years of age. Therefore, had counsel raised this issue at trial, it could have been corrected by filing a new indictment under IC 1971, 35-1-23-29, (Ind. Ann. Stat. § 9-1130 [1956 Repl.]). In any event, the failure to file a motion to quash did not deprive appellant the opportunity to assert an affirmative defense to the charge of commission of a felony while armed with a deadly weapon because no affirmative defense by reason of age existed. For similar reasons, the failure to file a motion for arrest of judgment was not harmful to appellant.

It is also contended that the failure to object to prosecution testimony relative to the one-man hospital show-up is an example of the incompetency of defense counsel. The reason for this contention is puzzling in that appellant fails to show why such testimony is inadmissible. The identification confrontation occurred on December 29, 1966. It was made clear in *Stovall* v. *Denno* (1967), 388 U. S. 293, that the right of an accused to have counsel present at a lineup applies only to lineups occurring after June 12, 1967, the date of the *Stovall* and *United States* v. *Wade* (1967), 388 U. S. 218, non-retroactive decisions. Further, there is testimony to the effect that the victim was hospitalized in critical condition, and that an immediate hospital confrontation was necessary. Thus it appears that the standards of due process applicable under *Stovall* to identifications made prior to the *Wade* decision were met here. In *Stovall* v. *Denno, supra,* Mr. Justice Brennan, for the majority, stated:

"[A] claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it, and the record in the present case reveals that the showing of Stovall to Mrs. Behrendt in an immediate hospital confrontation was imperative." 388 U. S. at 302.

Appellant next argues that the failure to object to the introduction of "mug shots" of petitioner into evidence constituted incompetency on behalf of defense counsel. Here again, however, appellant fails to show why such evidence was inadmissible. Assuming, arguendo, that it was, it does not necessarily follow that the failure to object to the introduction of such evidence constitutes incompetency. If every mistake or oversight made in the preparation of a case or at trial, perceived in the liesure of retrospection, should be considered probatory of legal incompetency, then the majority of all criminal defendants might validly assert such a claim. However, hindsight is not the test, as this Court so recognized in *Thomas* v. *State* (1969), 251 Ind. 546, 242 N. E. 2d 919. There is presumption that counsel appointed or accepted by the court to represent the defendant is competent. *Hathaway* v. *State* (1968), 251 Ind. 374, 241 N. E. 2d 240; *Langley* v. *State* (1968), 250 Ind. 29, 232 N. E. 2d 611, cert. den. 393 U. S. 835. This presumption can be overcome only if it can be shown that what the attorney did, or did not do, made the proceedings a mockery and shocking to the conscience of the court. See, *Slawek* v. *United States,* 413 F. 2d 957 (8th Cir. 1969). This Court is of the opinion that appellant has failed to overcome this presumption. There is an abundance of evidence to sustain the conviction, and this Court is unable to perceive how the failure to object to the "mug shots" constituted an oversight of so serious a nature that it reduced the trial to a mockery, sham or a farce.

Appellant also contends that defense counsel was incompetent due to his failure to investigate the conditions under which petitioner signed the waiver of his constitutional rights.

This contention is without merit. Appellant concedes that he failed to disclose this claim to defense counsel, and, in fact, disclosed it for the first time while in prison. We know of no requirement that counsel be omniscient or clairvoyant.

Appellant argues that he was denied effective assistance of counsel at a critical stage of pre-trial. Apparently, appellant is referring to the hospital identification confrontation. However, we have already determined that it was not necessary that counsel be present at that confrontation. On the initial appeal we determined that appellant knowingly signed a waiver of his constitutional rights, and that no statement made by appellant prior to the signing of the waiver was introduced into evidence. See, *Robbins* v. *State, supra.* On the initial appeal we also determined that appellant was not in any way deprived of his right to counsel up to and through his first court appearance where he waived arraignment and entered a plea of not guilty. See, *Robbins* v. *State, supra.* For the foregoing reasons we conclude that appellant was not deprived of effective assistance of counsel at *any* stage of the pre-trial custodial proceedings, critical or otherwise.

Appellant's final claim of incompetency is grounded on the fact that defense counsel failed to object to the joinder of counts which are separate and distinct offenses created by separate and distinct statutes of the State of Indiana. Appellant did not make this allegation in his petition for post-conviction relief nor did he introduce any evidence on this matter at the hearing. This issue was first raised in his Motion to Correct Errors. Therefore, this Court is of the opinion that appellant cannot raise this issue on appeal. Appellant was given every opportunity on cross-examination at the hearing for post-conviction relief to disclose any matters relating to his conviction that he wished to complain of. The cross-examination, as revealed by the record, reads as follows:

"Q. *Mr. Robbins, have you thought of anything else you want to complain about since you filed this on June fifteenth, 1970?*

A. Yeah, I can think of something of what the prosecutor said during my trial during the final arguments.

Q. All right, let's hear about that. Tell me all about that?

A. He told the jury, he said, this man is worse than Al Capone ever was. He said, this man kills without a reason, and I am not even charged with killing nobody.

Q. And so you are complaining about prejudicial statements made in your final arguments, is that correct?

A. Yes, that's prejudice there, it put it in the jury's mind.

Q. Are you raising that question now in this petition?

A. No, I'm not raising it in that petition now.

Q. Why not?

A. I told you I don't know anything about no law.

Q. Well, I know, but what are you going to do, save that for the next trip up, or what?

A. *I'll save it for the Federal Courts.*

Q. You will save that for Federal Courts?

A. Yeah.

Q. You don't want to raise that question now?

A. I would like to raise it right now if I could. . .

Q. Well, go ahead.

A. . . . because if . . .

Q. Yes, you do that.

A. I just said what the prosecutor said in his own words, I just repeated his words what he said.

Q. I see. And what was done at the time of this final argument by your counsel?

A. My counsel didn't even say anything about it.

Q. He didn't object to that?

A. No.

Q. I see.

A. Cause he was . . .

Q. And what else did the deputy prosecutor do that you are complaining about?

A. Show my picture to the mugg, to the jury, my mugg shot to the jury.

Q. Well, the court permitted that as evidence, did they not?

A. Yes, they permitted it as evidence.

Q. And that question of the mugg shot was decided by the Supreme Court in your first appeal, wasn't it?

A. Yes.

Q. *And what else that you haven't told us about that you have on your mind about this?*

A. *That's all right there.*

Q. *That's all?*

A. *Yeah.*

Q. *You can't think of anything else?*

A. *No, not at the time being I can't."*
(our emphasis)

As evidenced by the record, appellant had the opportunity to raise this issue, or any other issue, yet he failed to do so. It cannot be denied that he was represented by counsel at said hearing, and therefore, this Court can perceive of no legitimate reason why appellant should be permitted to improperly raise new issues after the hearing has been concluded. Hearings for post-conviction relief should be afforded the same procedural dignity as any other judicial proceeding. Furthermore, we know of no more expressed perversion of the spirit of our post-conviction remedy rule and relief sought thereby, and of habeas corpus relief in the Federal Courts, than is expressed by appellant's testimony as set forth above.

Appellant alleges that the trial court's finding that:

"[A]ll of the issues raised in the petitioner's Petition for Post-Conviction Relief, except the issue of misconduct by the State of Indiana, have been previously presented to other Courts in other proceedings."

constitutes error, because the issue of effective assistance of counsel had never been determined on the merits. With this contention we agree. However, this was harmless error due to the fact that the trial court went on to consider and decide each and every issue raised by appellant in his petition for post-conviction relief with special findings of fact and conclusions of law.

For the foregoing reasons, the findings of fact and conclusions of law made by the court below, are affirmed.

Judgment affirmed.

Arterburn, C.J., Givan and Prentice, JJ. concur; DeBruler, J. concurs in result.

NOTE.—Reported in 274 N. E. 2d 255.