THAD DOUGLAS LOWE *v.* STATE OF INDIANA.

[No. 672S83.  Filed July 17, 1973.]

*Jack G. Willard,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *John McArdle,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.*—This is an appeal from a conviction on charges of robbery and kidnapping which were brought by affidavit in the Lake Criminal Court. The appellant entered a plea of not guilty and trial was had before a jury, which, after the close of all the evidence, returned verdicts of guilty as to both counts. Thereafter, the trial court entered judgment and sentenced the Appellant to imprisonment for a period of from ten (10) to twenty-five (25) years for the offense of robbery and to life imprisonment in the Indiana State Prison for the offense of kidnapping. The Appellant filed a Belated Motion to Correct Errors and it is from the denial of that motion that this appeal is prosecuted. The evidence most favorable to the state discloses the following facts.

The prosecuting witness, Danny Lee Tischer, was the attendant at a Clark Oil service station in the early morning hours of August 3, 1970. He sold fifty cents worth of gasoline to two men in a white/lavender 1960 Buick at about 1:00 a.m. About one half hour later, they returned a second time. He identified the defendant as having been one of the men in the car on those occasions and gave the license number of the vehicle. The attendant notified the Gary Police Department concerning this unusual behavior and he spoke with an officer about the matter at the service station. At approximately 2:20 a.m., the Appellant and his companion returned a third time to the service station in the same car. The attendant identified the automobile by color, make, and license number to be the same vehicle that had earlier driven into the station. He also positively identified the defendant as having threatened him at this time with a sawed-off shotgun and as having ordered him into the car. Tischer was driven some distance from the station at gunpoint, was robbed and then released from the car. The defendant was subsequently apprehended on August 9, by police officers while driving a

---

* This case was reassigned from another Justice to the writer of this opinion on June 27, 1973.

white/lavender 1960 Buick with an identical license plate number on August 9, 1970.

On appeal, the Appellant raises but one issue—whether he was adequately represented at trial by his trial counsel. This court has recently had occasion to outline the standards to be applied in cases where inadequacy of representation is alleged. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N. E. 2d 686. That case holds that "there is a presumption that an attorney has discharged his duty fully, and it requires strong and convincing proof to overcome that presumption." *Id.* at 696. *Robbins* v. *State* (1971), 257 Ind. 273, 274 N. E. 2d 255; *Isaac* v. *State* (1971), 257 Ind. 319, 274 N. E. 2d 231; *Shuemak* v. *State* (1970), 254 Ind. 117, 258 N. E. 2d 158; *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N. E. 2d 184.

In the case before us, appellate counsel invites us to review the record of the proceedings below to determine whether defense counsel properly cross-examined the various witnesses, particularly the prosecuting witness, whose testimony was the most damaging to the Appellant. Appellant's brief is replete with assertions of inadequate cross-examination in that regard, but nowhere does he point out what could have been established had the cross-examination been different. In fact, having reviewed the transcript in its entirety, we are constrained to wonder in what way the cross-examination was insufficient. It is true that defense counsel did not ask all the questions he could have asked, and did not explore all the details as minutely as is conceivable. Yet, he did attempt to test the recall and veracity of the prosecuting witnesses. The mere fact that another attorney might have conducted the defense differently is not sufficient to require reversal. "Isolated poor strategy, bad tactics, a mistake, carelessness, or inexperience does not necessarily amount to ineffective counsel unless, taken as a whole, the trial was a mockery of justice." *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N. E. 2d 686, at 696. See also, *Hendrickson* v. *State*

(1954), 233 Ind. 341, 118 N. E. 2d 493. In the case at bar, just as in *Blackburn, supra,* the Appellant's own citations of authority establish that a reviewing court should look to the "totality of the circumstances" to determine whether or not trial counsel was competent, and ought not second guess matters of judgment, trial strategy or even mistakes. A poor result alone cannot amount to a denial of adequate representation. *Blackbury* v. *State, supra,* at 696 and cases cited. This court has often held that total failure to object to certain errors in trial proceedings does not necessarily constitute incompetency. *Blackburn* v. *State, supra; Spight* v. *State* (1967), 248 Ind. 287, 226 N. E. 2d 895; *Isaac* v. *State* (1971), 257 Ind. 319, 274 N. E. 2d 231; *Lindsey* v. *State* (1965), 246 Ind. 431, 204 N. E. 2d 357.

We believe defense counsel adequately represented the defendant in this case even though we, as judges and lawyers might have conducted the defense differently. As most careful lawyers know, cross-examination can be a trap for the unwary. On many occasions, the decision whether or not to cross-examine, and if so, how to accomplish it, is one of the most difficult decisions a trial attorney has to make. It is not a decision that an appellate court can lightly second guess. In our view, there are, realistically speaking, some cases that just cannot be won simply because the evidence and witnesses against an accused are so overwhelming as to approach irrefutability. This is just such a case. An attorney should not contrive a cross-examination based on fictitious assumptions when to do so would only confuse the fact finder and impede the search for truth. In fact, to do otherwise would be to violate his oath as an officer of the court. Cross-examination of prosecution witnesses often serves to emphasize and rehabilitate the state's case. The Appellant's argument supports us in such a statement. At one point he complains, "Counsel's cross-examination served simply to re-emphasize salient points of the state's case and

give the complaining witness additional stature." Defense counsel may have tried to avoid just that in this case. We believe that this defendant received a great deal more than mere perfunctory representation. The record shows trial counsel conducted extensive voir dire of the jury, requested separation of witnesses at the beginning of trial, objected to testimony, and cross-examined witnesses. No where does the Appellant contend that his trial attorney failed to do those things which this Court has thought minimally necessary in the past. The record shows that counsel made adequate preparation in aid of the appellant. *Robbins* v. *State* (1971), 257 Ind. 273, 274 N. E. 2d 255.

With respect to the Appellant's assertion that the punishment ordered does not fit the crime committed, and that life imprisonment should not be the penalty for robbery and kidnapping in these circumstances, our answer is that the fixing of criminal penalties is for the Legislature, not the Judiciary.

For the reasons stated, the judgment of the trial court is affirmed.

Givan, Hunter, Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 298 N. E. 2d 421.