**Earl Lance RICHMOND, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 678S107.**

Supreme Court of Indiana.

April 16, 1979.

Joseph D. Bradley, South Bend, for appellant.

Theodore L. Sendak, Atty. Gen., Kenneth R. Stamm, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by jury of committing a felony while armed, conspiracy to commit a felony and automobile banditry. He was sentenced to 15 years' imprisonment for armed robbery and fined $500.00 for conspiracy. The conviction for automobile banditry was merged with armed robbery; therefore no sentence was entered on that charge.

■ Appellant first alleges the trial court erred in denying his motion for judgment on the evidence. He claims there was insufficient evidence identifying him as a participant in the crime. This Court does not weigh the evidence or the credibility of witnesses. We look to the evidence most favorable to the State and will affirm the conviction if there is substantial evidence of probative value on each element of the crime charged. *Lottie v. State* (1974) 262 Ind. 124, 311 N.E.2d 800. The uncorroborated testimony of the victim is sufficient to sustain the conviction. *Douglas v. State* (1970) 254 Ind. 517, 261 N.E.2d 567.

In the case at bar the record shows that on March 15, 1977, two persons entered a grocery store in South Bend, Indiana, and engaged in a brief conversation with the owner. After these persons left the owner noticed a dark brown car adjacent to the store. The two individuals then returned, robbed the owner and forced him and his wife into a meat cooler. The victim gave police a description of the robbers and a description of the brown automobile. Two days later, based upon these descriptions, the police apprehended the two suspects in a neighborhood store. The owner identified the appellant in a lineup at the police station and again at trial.

Appellant argues that this evidence is insufficient as a matter of law because the wife of the owner could not identify the appellant in a lineup. He further points out that the owner could not identify the appellant by voice and that there was no physical evidence introduced at trial to show the appellant to be a participant in the crime. The jury had a clear opportunity to consider this evidence. The evidence in this record is sufficient to support the verdict of the jury.

■ Appellant next claims the trial court erred in refusing to give appellant's tendered instruction number 4, concerning identification testimony. A trial court commits no error when it refuses to give a tendered instruction which is adequately covered by other instructions. *Toliver v. State* (1978) Ind., 372 N.E.2d 452. Instructions should be read as a whole and the impact of the entire instruction should be considered in determining reversible error. *Carter v. State* (1977) Ind., 361 N.E.2d 1208.

■ The trial court instructed the jury that they were required to closely scrutinize the credibility of identification testimony and should be convinced beyond a reasonable doubt of the correctness of the appellant's personal identification before returning a verdict of guilty. The substance of this instruction adequately covered appellant's tendered instruction. The trial court committed no error in refusing the tendered instruction.

The trial court is in all things affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.