**Darryl Edward SMITH, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

#### No. 579S117.

Supreme Court of Indiana.

Nov. 28, 1979.

J. Richard Kiefer, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Gregory Alan Clark, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

This case is before us on appeal from the denial of the petition for post-conviction relief of petitioner-defendant, Darryl Edward Smith, pursuant to Ind.R.P.C. 1. In his appeal petitioner raises the following issues:

1. Whether the trial court erred in applying the "farce and mockery" standard in determining the effectiveness of trial counsel; and

2. Whether the trial court erred in finding that petitioner was not denied effective assistance of counsel due to counsel's failure to object to petitioner going to trial in identifiable jail clothes.

The facts relevant to the issues follow.

Petitioner was convicted by a jury of commission of a felony (robbery) while armed, Ind.Code § 35–12–1–1 (Burns 1975), and sentenced to twenty years' imprisonment. Prior to trial defense counsel had arranged to have civilian clothes delivered to petitioner at the jail. When petitioner's mother attempted to deliver clothes to petitioner at the jail, the attendant deputy refused to take the clothes. Defendant showed up at trial dressed in denim jail clothes with the words "Property of Marion County Jail" in bright yellow three-inch letters stenciled on the back of the shirt and a bright yellow eight to ten-inch letter "J" stenciled on

each leg of the trousers. Petitioner's counsel did not object to defendant's attire in court. At the post-conviction relief hearing, the transcript of a telephone interrogation of petitioner's trial counsel was admitted into evidence by stipulation. Counsel said that he did not object to his client's mode of dress because he understood the state of the law to be that allowing a defendant to appear in civilian or jail clothes was within the discretion of the trial court. He stated that he did not want to make a futile objection which would draw the jury's attention to the clothes. When asked, petitioner's trial counsel indicated that he is aware that he could have made an objection out of the presence and hearing of the jury.

## I.

■ First, petitioner asks this Court to abandon the "mockery of justice" standard for determining the adequacy of counsel. We have repeatedly affirmed this standard as modified by the "adequate legal representation" standard of *Thomas v. State,* (1969) 251 Ind. 546, 242 N.E.2d 919. Recent cases reflect our steadfastness in this regard. *Crisp v. State,* (1979) Ind., 394 N.E.2d 115; *Cottingham v. State,* (1978) Ind., 379 N.E.2d 984.

## II.

■ In applying the mockery of justice standard, this Court will look to the totality of circumstances at trial. *Blackburn v. State,* (1973) 260 Ind. 5, 291 N.E.2d 686. There is a presumption that an attorney has discharged his duty fully, and it requires strong and convincing proof to overcome this presumption. *Isaac v. State,* (1971) 257 Ind. 319, 274 N.E.2d 231. If every mistake or oversight made in the preparation of a case or at trial, perceived in the leisure of retrospection, should be considered probatory of legal incompetency, then a majority of all criminal defendants might validly assert such a claim. *Robbins v. State,* (1971) 257 Ind. 273, 274 N.E.2d 255. This Court has consistently sought to determine if and how a defense attorney's "inadequacies" have harmed the defendant at trial. *Lowe v. State,* (1973) 260 Ind. 610, 298 N.E.2d 421.

■ Petitioner claims only one instance of ineffectiveness of his trial counsel.

"Isolated poor strategy, bad tactics, a mistake, carelessness, or inexperience does not necessarily amount to ineffective counsel . . . ." *Lowe v. State,* (1973) 260 Ind. 610, 612, 298 N.E.2d 421, 422; *Blackburn v. State,* (1973) 260 Ind. 5, 22, 291 N.E.2d 686, 696.

However, it follows that the commission of only one error on the part of trial counsel does not necessarily amount to effective counsel. See *Canary v. Bland,* (6th Cir. 1978) 583 F.2d 887, and *United States. v. Easter,* (8th Cir. 1976) 539 F.2d 663.

■ Petitioner's trial counsel had made a strategic decision not to have defendant appear in jail clothes. On the day of trial, counsel did not object because he did not want to bring defendant's clothing to the attention of the jury by interposing a futile objection. Counsel believed that the objection would be futile because, in his words:

"To the best of my knowledge at that time the state of the law was that this was discretionary with the judge to, allowing the prisoner to stand trial in jail clothes or civilian clothes, if an objection was interposed . . . ."

Counsel's perception of the state of the law was clearly wrong. Just prior to the time petitioner was charged, and over six months prior to the time of trial, the United States Supreme Court held that requiring a defendant to stand trial in jail clothes militates against his right to a fair trial and is, therefore, impermissible as violative of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. *Estelle v. Williams,* (1976) 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126.

The United States Supreme Court in *Estelle* did not overturn the conviction because Harry Williams' counsel failed to object at trial, a red flag to attorneys who might shy away from an objection under these circumstances. Although there was no majority opinion in *Estelle,* all eight

participating justices agreed that requiring a defendant to appear in jail clothes was impermissible. Justice Brennan, with whom Justice Marshall concurred, went so far as to say that failure to object should not prevent the defendant from prevailing on appeal.

Chief Justice Burger, writing the plurality opinion in *Estelle,* noted that a defendant's appearance in jail garb does not always call for reversal. Some defendants prefer to stand trial in prison garments. This preference is not exhibited in the case at bar. Petitioner's trial counsel made a conscious decision to have petitioner appear at trial in dress giving him "the appearance of you know, basic, middle-class America." Counsel was ineffective in that, because of his ignorance of the law as set down by the nation's highest court, he could not bring about his intentions.

The harm to defendant's fair trial rights is clearly set out in *Estelle v. Williams, supra.* The question for this Court remains whether, taken as a whole, the trial was reduced to a farce and mockery of justice as a result of counsel's error.

The state claims that trial counsel's mistake was an isolated one and did not have a pernicious effect on petitioner's right to a fair trial. However, Chief Justice Burger spelled out the magnitude of prejudice resulting from the circumstances of this trial:

> "Courts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption so basic to the adversary system. . . . This is a recognition that the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment. The defendant's clothing is so likely to be a continuing influence throughout the trial that, not unlike placing a jury in the custody of deputy sheriffs who were also witnesses for the prosecution, an unacceptable risk is presented of impermissible factors coming into play." *Estelle v. Williams,* (1976) 425 U.S. 501, 504–5, 96 S.Ct. 1691, 1693, 48 L.Ed.2d 126, 130–1 [footnote omitted].

Petitioner's appearance in jail clothes had a pervasive influence on the trial. His trial counsel's inability to cope with the situation as per plan reflects a lack of adequate preparation regarding the rules of law favorable to defendant.

> "And mere perfunctory action by an attorney assuming to represent one accused of crime which falls short of presenting the evidence favorable to him and invoking the rules of law intended to prevent conviction for an offense of which the accused is innocent or the imposition of a penalty more severe than is deserved, should not be tolerated." *Hillman v. State,* (1954) 234 Ind. 27, 33–4, 123 N.E.2d 180, 182; *Wilson v. State,* (1943) 222 Ind. 63, 81, 51 N.E.2d 848, 855; *Castro v. State,* (1925) 196 Ind. 385, 391, 147 N.E. 321, 323.

Although decided under a standard of "reasonably competent" representation, we note with approval the following language of the United States Court of Appeals, District of Columbia Circuit:

> "This court does not sit to second guess strategic and tactical choices made by trial counsel. However, when counsel's choices are uninformed because of inadequate preparation, a defendant is denied the effective assistance of counsel." *United States v. DeCoster* (1973) 159 U.S. App.D.C. 326, 330, 487 F.2d 1197, 1201.

Petitioner's trial counsel's performance at trial fell short of the adequate legal representation required in *Thomas v. State, supra.* We find that petitioner was denied the effective assistance of counsel required by the Sixth Amendment to the United States Constitution.

We do not hold that every time a defendant appears at trial in jail garb and his attorney fails to object that defendant has been denied the effective assistance of counsel. However, where, as here, it can be shown that trial counsel is incapable of carrying out his trial strategy on so fundamental a point because of ignorance of the law, that attorney has been ineffective in his assistance of the defendant.

For the foregoing reasons, the judgment of the trial court is reversed and the cause remanded with instructions to grant petitioner a new trial.

Judgment reversed and remanded.

GIVAN, C. J., and DeBRULER, J., concur.

PIVARNIK, J., dissents with opinion in which PRENTICE, J., concurs.

PIVARNIK, Justice, dissenting.

I must dissent from the majority opinion in this cause wherein it provides that the petitioner carried his burden, in a P.C. 1 action, of proving that he had been denied the effective assistance of counsel by showing a single incident in which the attorney exercised his judgment for strategic and tactical reasons. The fact that the trial attorney did not know of the holding in *Estelle v. Williams,* (1976) 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126, does not necessarily indicate that he was ineffective in his representation of this defendant in the entire cause. It is apparent that neither counsel nor the defendant considered this an important matter in the trial. The attorney claimed he thought it might be better to have the appearance of the defendant be one of "basic, middle-class America," but he didn't push the issue in court. He now says he would have objected if he felt the court would have granted it, but he did not want to highlight the matter and call the jury's attention to the clothing if the court refused to grant the motion.

We must note one thing concerning *Estelle v. Williams, supra.* The Supreme Court did not reverse the conviction of Harry Williams because counsel failed to object at trial to the fact that defendant was in jail clothing. Neither did the Supreme Court say that it is reversible error per se every time a defendant appears in jail clothing. The majority opinion recognized this when it said, "We do not hold that every time a defendant appears at trial in jail garb and his attorney fails to object that defendant has been denied the effective assistance of counsel."

Yet, the majority would have us reverse this cause *solely* on the ground that the attorney did not appear to know that he had grounds to object to the clothing, and to know that his objection would have been sustained. This does not lead us unerringly to the conclusion that this jury was prejudiced by the fact that defendant appeared in jail clothes and that counsel was ineffective in the representation of defendant in the entire case to the extent that the trial was a mockery of justice. The defendant's clothing obviously was a matter trial counsel considered relatively insignificant in the total strategy of the cause as he handled it in that manner and treats it in that manner at the present time.

In this particular P.C. action we are not able to review the evidence in the entire cause nor the conduct of this attorney in the entire cause. Therefore, based on this isolated incident, we cannot find that justice requires a new trial for the defendant. The defendant has the burden to show that he is entitled to relief under his P.C. motion. However, we have *no* grounds to find that counsel's representation for all the rest of the trial was anything less than competent, since petitioner shows us nothing else. Furthermore, we must assume, since petitioner has not shown us otherwise, that there was sufficient evidence for the jury to find the defendant guilty beyond a reasonable doubt, rather that it was influenced by the prison garb. On the contrary, the majority implies that, because counsel made this one mistake in his interpretation of the law as it applied to the strategy he would use in this incident, we can therefore assume he was completely without competence and acted in a similar manner in the entire trial. There is absolutely no basis for making such a finding. The trial court should be affirmed in this matter.