**Gerald Wayne MOFFETT,**
**Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 3-979A256.**

Court of Appeals of Indiana,
Fourth District.

March 13, 1980.

Rehearing Denied April 16, 1980.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for appellant-defendant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHIPMAN, Judge.

This is an appeal from a denial of appellant's petition for post-conviction relief. Moffett presents only one issue for our review: whether the trial court erred by failing to find Moffett was denied effective assistance of counsel.

Affirmed.

Moffett alleges he was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. It was incumbent upon the petitioner to prove by a preponderance of the evidence that, taken as a whole, assistance of counsel in the criminal proceeding amounted to a mockery of justice in that he was denied adequate legal representation. *Hollon v. State* (1980) Ind., 398 N.E.2d 1273; *Smith v. State* (1979) Ind., 396 N.E.2d 898; *Thomas v. State* (1969) 251 Ind. 546, 242 N.E.2d 919. There is a presumption that an attorney has discharged his duty fully, and it requires strong and convincing proof to overcome this presumption. *Hollon, supra* ; *Isaac v. State* (1971) 257 Ind. 319, 274 N.E.2d 231. We hold Moffett failed to carry his burden of proof in this case.

On July 28, 1977, Moffett pled guilty to the charge of First Degree Burglary. The guilty plea was entered in exchange for the State's promise to dismiss an unrelated charge of Robbery which was pending against Moffett at the time. Attorney Norbert L. Wyss represented Moffett on both charges. In his petition for post-conviction relief, Moffett alleged Wyss had no familiarity with the facts underlying the burglary charge, did not consider possible defenses, and did no investigation or discovery. These assertions are not supported by the findings of fact issued by the trial court.

The lower court found Wyss represented Moffett when he entered his plea of not guilty to the burglary charge on December 13, 1976. Later, Wyss reviewed the probable cause affidavit and information filed by the prosecution. Wyss also reviewed the prosecutor's file, which contained Moffett's written and video-taped confession. The probable cause affidavit stated one Daniel Mihms had admitted to police that he was also involved in the burglary and had named Moffett as his accomplice. Based on his evaluation of the State's evidence, Wyss recommended to Moffett that he accept a plea bargain whereby Moffett would plead guilty to the burglary charge, and in exchange, the robbery charge would be dropped. Moffett accepted.

On July 28, 1977, Moffett and Wyss appeared together in the Allen Circuit Court. Wyss reviewed with Moffett the guilty plea forms which summarized the defendant's rights. Moffett then entered a plea of guilty to the charge of first degree burglary, stating he understood his rights, had discussed the case with his attorney and was entering the plea voluntarily.

We are not in a position to second guess the judgment of attorney Wyss in this case. Moffett pled guilty to a charge to which apparently both he and his accomplice had confessed. In exchange, a serious charge of robbery was dismissed. The evidence fails to show Moffett was denied effective assistance of counsel.

The decision of the lower court is therefore affirmed.

MILLER, P. J., and YOUNG, J., concur.