**Robert HUGGINS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 279S45.**

Supreme Court of Indiana.

April 29, 1980.

Harriette Bailey Conn, Public Defender, K. Richard Payne, Sp. Asst. Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Petitioner, Robert T. Huggins, brought this petition for post-conviction relief before the Allen Circuit Court pursuant to Ind.R.P.C. 1. He now appeals the denial of that petition to this Court raising the following issues:

1. Whether petitioner was denied his right to the effective assistance of counsel at the time preceding and including his plea of guilty to the charge of murder in the first degree; and

2. Whether said guilty plea was knowingly and voluntarily entered.

Petitioner was indicted for murder in the first degree, Burns Ind.Stat.Ann., § 10–3401 (1956 Repl.) on March 22, 1963. On December 3, 1963, petitioner pleaded guilty to that charge. The Honorable William O. Hughes of the Allen Circuit Court sentenced petitioner to life imprisonment on January 15, 1964. The judge then added the following words to petitioner's commitment order:

> "That the defendant, Robert T. Huggins, not be considered for parole so long as he lives."

On September 19, 1975, petitioner filed a petition for post-conviction relief. On April 22, 1977, after The Honorable Hermann F. Busse of the Allen Circuit Court vacated and deleted the above words regarding parole from the commitment order, petitioner moved to dismiss his post-conviction petition, which motion was granted.

## I.

Nearly one year later, petitioner brought the instant action alleging inadequacy of his counsel in the 1963–64 proceedings. Petitioner argues that his attorneys spent all of their time and effort in getting him to accept the life sentence plea arrangement rather than face a possible death sentence. The record does not support this contention. Defense counsel filed a motion to quash, made an extensive investigation into petitioner's background and consulted with psychiatrists in preparation for an insanity defense. Counsel's petition for attorneys' fees reveals that two attorneys spent a total of 154 hours on petitioner's behalf.

We will only grant a petitioner or appellant relief in this regard if his representation was so inadequate as to reduce the trial, taken as a whole, to a mockery of justice. *Blackburn v. State*, (1973) 260 Ind. 5, 291 N.E.2d 686. This determination must be based on qualitative as well as quantitative factors in order to assure that a defendant has received adequate legal representation. *Thomas v. State*, (1969) 251 Ind. 546, 242 N.E.2d 919. There is a presumption that an attorney has discharged his duty fully, and it requires strong and convincing proof to overcome this presumption. *Isaac v. State*, (1971) 257 Ind. 319, 274 N.E.2d 231.

Petitioner points out several instances of inaction on the part of his attorneys which, he contends, show that his representation was inadequate. Petitioner claims that his defense counsel failed to investigate several alleged instances of improper police conduct: the interrogation of petitioner at a hospital, petitioner's forced custodial transportation to the scene of the crime, his incommunicado interrogation and his denial of access to counsel for fourteen days. Petitioner also complains of counsel's failure to file a motion to suppress his allegedly involuntary confessions or items seized from his house and counsel's failure to challenge the constitutionality of the death penalty. This Court has consistently sought to determine if and how a defense attorney's alleged inadequacies have harmed defendant at trial. *Crisp v. State*, (1979) Ind., 394 N.E.2d 115; *Lowe v. State*, (1973) 260 Ind. 610, 298 N.E.2d 421.

It is most difficult to reconstruct what did happen in 1963, much less what should have happened. Petitioner does not argue how the law as it existed at the time of the guilty plea, or even as it has developed since then, would have afforded him relief had counsel pursued the suggested course. The Fourth and Fifth Amendments to the United States Constitution have undergone a considerable amount of interpretation and varying applications by the United States Supreme Court. A host of leading cases in these areas, including *Miranda v. Arizona*, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and *Brown v. Illinois*, (1975) 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416, have been decided since 1963. Indiana's death penalty statute as it existed in 1963 would not pass constitutional scrutiny after *Furman v. Georgia*, (1972) 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, and cases following. But an attorney would not necessarily foresee such a result nearly a decade earlier. If every mistake or oversight made in the preparation of a case, perceived in the leisure of retrospection, should be considered probatory of legal incompetency, then a majority of all criminal defendants might validly assert such a claim. *Robbins v. State*, (1971) 257 Ind. 273, 274 N.E.2d 255. Yet, when it can be shown that trial counsel failed to act because he was admittedly ignorant of the existing law, then a defendant has been denied the effective assistance of counsel. *Smith v. State*, (1979) Ind., 396 N.E.2d 898. However, we will not hold counsel to a standard of legal divination sixteen years after the fact.

## II.

While couching the argument in terms of inadequate assistance of counsel, petitioner essentially claims that his plea of guilty was not knowingly and voluntarily entered. The trial judge conducted an extensive examination of petitioner prior to asking for his plea to the charge of first-degree murder. The judge established petitioner's understanding of several rights: the right to a public trial by an impartial jury, the right to confront witnesses against him, the right against self-incrimination, the right to be heard and the right to know the nature of the cause against him. The judge informed petitioner of the range of sentences under Burns Ind.Stat.Ann., § 10–3401 (1956 Repl.), life imprisonment or death, and that the state would have the burden of proving petitioner guilty beyond a reasonable doubt. The court read the indictment to petitioner and questioned him as to the facts of the crime. Petitioner indicated that he was satisfied with counsel, understood the proceedings and that he was

voluntarily pleading guilty. The record reveals that the guilty plea hearing satisfied the later developed requirements of *Boykin v. Alabama*, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.), and *Turman v. State*, (1979) Ind., 392 N.E.2d 483. The proceeding easily satisfied the law as it existed in 1963. *Gates v. State*, (1962) 243 Ind. 325, 183 N.E.2d 601; *Dearing v. State*, (1951) 229 Ind. 131, 95 N.E.2d 832.

Petitioner claims that he was unaware of one consequence of his plea, the judge's order that petitioner never be considered for parole. The record reveals that petitioner's attorneys were advised that the prosecutor would resist any efforts by petitioner to obtain parole. However, this issue is moot because the language regarding parole has been ordered vacated and deleted from petitioner's commitment order. Correction authorities were notified of this order and, therefore, petitioner will not be affected by the original commitment order's language regarding parole.

For the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.