Jarvis GREGORY, Jr., Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee.

No. 3–480A99.

Court of Appeals of Indiana,
Third District.

Oct. 27, 1980.

F. Joseph Jaskowiak, Hoeppner, Wagner & Evans, Valparaiso, for appellant.

Theodore L. Sendak, Atty Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

## ON PETITION FOR REHEARING

This Court, on August 14, 1980, affirmed the judgment of the trial court which found Jarvis Gregory, Jr. guilty of two counts of the crime of Child Molesting.

Gregory now petitions for a rehearing of his appeal and urges us to address his contention that he was denied effective assistance of counsel when he appeared at voir dire in prison clothing.[1] He claims that this Court inadequately considered his question on appeal. We will now use this opportunity to clarify our position.

Prior to the selection of the jury, the following discussion was held in chambers between Gregory, his lawyer, the prosecutor and the judge. It is particularly pertinent:

"BY THE COURT:

---

1. Gregory appeared at his voir dire in a one–piece coverall. While devoid of any jail identification, it was of a type commonly worn by inmates.

All right, Defendant Jarvis is present with counsel David Schneider. State is here by Charles Stewart. The defendant is in overalls or coveralls, one piece coveralls commonly worn by jail inmates.

Although there is no identifying writing on his coveralls, is that correct?

"BY MR. SCHNEIDER:

That is correct.

"BY THE COURT:

Is this by choice or—

"BY MR. SCHNEIDER:

This is not by choice, your Honor. For the record, I would state that I spoke with Mr. Gregory about 2, 2½ weeks ago, wanted to find out if he would have, if he did have street clothes available to him.

He told me when he was picked up, at the time of his arrest, he was in his work clothes, they were dirty . . .

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"BY THE COURT:

Q   This is highly unusual. It is not like the jail does this as a matter of course. Are your clothes, work clothes so dirty?

A   Yes.

Q   You rather not wear them in Court?

A   Sewer, sink lines and things like that.

BY THE COURT:

Yeah, okay. It is between what is available in private clothing and what he has got on. Better off in what he has got on now.

BY MR. SCHNEIDER:

I would think so.

BY THE COURT:

Is there any way to get him clothing for tomorrow? I will give the jury the admonishment. Have your staff work on that.

BY MR. SCHNEIDER:

All right.

BY THE COURT:

Now, the question is do you want him present with you while you are picking a jury?

BY MR. SCHNEIDER:

We have done it before. I have had situations like this.

BY THE COURT:

I will give them usual admonishment that—

BY MR. SCHNEIDER:

You know, at this point—

BY THE COURT:

Give them the usual admonishment. Not required to wear clothing like this, but his circumstances are such that he was unable to secure—"

Before voir dire, the judge admonished the prospective jurors:

"You will notice that the defendant is dressed in blue overalls. The fact that he is dressed in such a manner is no indication of his guilt. The guilt or innocence of any defendant who is charged with a criminal act is to be determined by evidence and evidece [sic]—evidence myst [sic]—evidence must come solely from sworn witnesses and or exhibits.

His appearance in no way is to be used by you as any evidence of guilt or any indicator of guilt. He is not in such good circumstances as the rest of us are, but this is in no way any indicator of guilt. He is just not as well off as some of us are.

We are attempting to get his clothing and hopefully we will accomplish that by the time the trial begins tomorrow morning."

Gregory appeared in coveralls for only one day. Apparently he secured clean civilian clothing for his trial the next day.

In making his argument, Gregory relies upon two cases: *Estelle v. Williams* (1976), 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 and *Smith v. State* (1979), Ind., 396 N.E.2d 898.

In *Smith*, the defense counsel had arranged to have civilian clothing delivered to Smith at the jail, but the attendant deputy had refused to take the clothes. As a result, Smith was forced to appear at trial in denim jail clothes with the words "Property of Marion County Jail" in bright yellow three–inch letters stenciled on the back of his shirt. His counsel did not object to this attire in court and later admitted that his

perception of the law on this point was incorrect.

The Indiana Supreme Court in *Smith* decided that Smith had been denied effective assistance of counsel due to his attorney's failure to object to his being tried in prison clothing. It explained:

"We do not hold that every time a defendant appears at trial in jail garb and his attorney fails to object that defendant has been denied the effective assistance of counsel. However, where, as here, it can be shown that trial counsel is incapable of carrying out his trial strategy on so fundamental a point because of ignorance of the law, that attorney has been ineffective in his assistance of the defendant."

*Smith, supra,* 396 N.E.2d at 901.

■ Despite Gregory's affirmative acquiescence to the selection of prison clothing, we are persuaded that his statement "for the record" that it was "not by choice" was, in essence, an objection. As such, the rationale in *Smith* is inapplicable.

The other case cited by Gregory is *Estelle v. Williams, supra.* There, the defendant, who had been held in custody while awaiting his trial, asked a jail officer for his civilian clothes. His request was denied. As a result, the defendant appeared at the trial in clothes which were distinctly marked as prison issue. Neither he nor his attorney raised an objection to the prison attire at any time.

The Supreme Court there held that the Fourteenth Amendment prohibits a State from compelling an accused to stand trial before a jury while dressed in identifiable prison clothing. The failure, however, to object "to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Estelle,* 425 U.S. at 513, 96 S.Ct. at 1697.

■ We feel that Gregory's reliance upon this case is misplaced. He was not denied his civilian clothing as was the defendant in *Estelle.* He had a choice and chose to wear jail garb rather than his dirty civilian cloth-

ing. While his attorney stated, for the record, that this was "not by choice," both Gregory and his attorney readily agreed in the discussion with the judge that wearing the one–piece coverall was preferable to his appearing in dirty civilian clothing.

In addition, we note that Gregory was not compelled to appear before the prospective jurors. He was, in fact, given a choice. The defendant in *Estelle* seemed to have no such option. When asked by the court if counsel wanted Gregory present while picking a jury, his counsel replied that "We have done it before. I have had situations like this." For whatever reason, his counsel decided to have him present.

■ We are persuaded that the situation in the case at hand is quite similar to that of the defendant in *Lyda v. State* (1979), Ind., 395 N.E.2d 776. Lyda, who appeared in prison clothing at trial, claimed that the court had erred in allowing the trial to proceed over the objections of his attorney. The Indiana Supreme Court found no reversible error as Lyda had the option of wearing his own clothing which was "bloody and dirty" or jail garb. The Court explained:

"In *Estelle v. Williams,* (1976) 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126, the *Supreme Court of the United States held that it was reversible error for a state to compel a person to be tried in identifiable prison clothing.* Here the record clearly shows that the defendant was not compelled by the trial court to wear jail attire. The defendant had the option. He chose not to wear his regular civilian clothes because of the condition they were in, but he does not claim that other clothing was not available to him for trial. Defendant did not assert to the trial court or here on appeal that because of his economic condition he was unable to obtain any other clothing and was therefore forced to wear the jail attire. Furthermore, the trial court here admonished the jurors not to consider defendant's clothing or appearance in their deliberations. We therefore do not feel

that defendant has demonstrated reversible error on this issue."
*Lyda, supra,* 395 N.E.2d at 783.

We agree with the Supreme Court's analysis and feel this case is controlling.

The petition for rehearing is denied.

GARRARD, P. J., and HOFFMAN, J., concur.