**Lonnie GREGORY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 180S20.**

Supreme Court of Indiana.

Nov. 25, 1980.

Gary R. Landau, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

On August 6, 1979, a jury found appellant, Lonnie Gregory, guilty of theft, a class D felony. In the second portion of the bifurcated proceedings, the jury found that the enhanced punishment provisions of the Indiana Habitual Criminal Statute, IC Sec. 35–50–2–8 [Burns Supp.1978] applied to Gregory.

■ Appellant claims the trial court erred by "compelling defendant to stand trial in jail attire over his objection." Appellant relies primarily on *Smith v. State*, (1979) Ind., 396 N.E.2d 898 and *Estelle v. Williams*, (1976) 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126. We find the facts in the

instant case are distinguishable from those in the above cases. Appellant was not deprived of his right under the Fourteenth Amendment to a fair trial.

In *Estelle*, the United States Supreme Court held, "[a]lthough the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in *identifiable* prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Estelle v. Williams*, supra, 425 U.S. 501, 512–13, 96 S.Ct. 1691 at 1697, 48 L.Ed.2d at 135. (Emphasis added.)

Indiana recognized and applied *Estelle* in *Smith v. State, supra*. In *Smith*, this Court held that a conviction of a defendant who appeared before the jury dressed in identifiable prison garb is reversible if the evidence indicates that the defense attorney made a decision to have his client appear at the trial in civilian clothes rather than identifiable prison garb. However, there was a failure to accomplish this end due to the lack of effectiveness on the part of the attorney. So holding, this Court stated:

"We do not hold that every time a defendant appears at trial in jail garb and his attorney fails to object that defendant has been denied the effective assistance of counsel. However, where, as here, it can be shown that trial counsel is incapable of carrying out his trial strategy on so fundamental a point because of ignorance of the law, that attorney has been ineffective in his assistance of the defendant." *Smith v. State, supra*, 396 N.E.2d at 901.

The reversal of *Smith* was based upon the ineffectiveness of counsel rather than the physical appearance of the defendant at trial.

In the instant case, appellant's attorney did make a timely objection. However, the appellant's clothing was not obviously identifiable as prison garb. The jury was not continuously exposed to the identifying portion of defendant's clothing so as to have been prejudiced. Furthermore, even though the defendant objected to being tried in the particular clothing he was wearing on the morning of the trial, the record indicates that he acquiesced in the court's determination that the clothing was not identifiable prison garb.

The record reveals that appellant was not dressed in clothing which was obviously prison garb:

Attorney: Your Honor, Lonnie Gregory appears today in jail clothes; last night he had a friend bring some clothes to the jail so he could appear in some clothes other than the T–shirt....

Court: That doesn't look like jail clothes, looks like a white T–shirt; in this kind of weather you see lots of people wearing white T–shirts....

\*     \*     \*     \*     \*     \*

Court: There's nothing on his clothes that says 'Marion County Jail', is there?

Attorney: On his pants leg, Judge.

Court: Pants leg, how far down?

Attorney: There is a big 'J'.

The defense attorney stated that he was concerned that "the big 'J' will show when [the defendant] stands when the jury panel is sworn."

In *Smith, supra*, "[d]efendant showed up at trial dressed in denim jail clothes with the words, 'Property of Marion County Jail' in bright yellow three–inch letters stenciled on the back of the shirt and a bright yellow eight to ten–inch letter 'J' stenciled on each leg of the trousers." *Smith v. State, supra*, 396 N.E.2d at 899–900. The defendant in *Estelle v. Williams, supra*, "appeared at trial wearing a white T–shirt with 'Harris County Jail' stenciled across the back, oversized white dungarees that had 'Harris County Jail' stenciled down the legs, and shower thongs." *Estelle v. Williams, supra*, 425 U.S. 501, 515 n.1, 96 S.Ct. 1691, 1698 n.1, 48 L.Ed.2d 126, 137 n.1. (Brennan, J., dissenting.)

Faced with a similar contention, the Ninth Circuit held that where "[t]he trial court found that the clothing in which [appellant] appeared for one hour during voir

dire was not readily identifiable as jail garb [w]e cannot say that the finding was clearly erroneous. The court permitted [appellant] to change into other clothes after one hour, at the first recess. Under these circumstances the defendant's presumption of innocence was not prejudiced." *United States v. Panza*, (1980) 612 F.2d 432, 440. See also *State v. Edwards*, (1979) 122 Ariz. 206, 594 P.2d 72.

In the case at bar the trial court informed the defense attorney that the defendant could change into a pair of blue jeans which he had available at the jail, at the noon recess. At this point, the defense attorney acquiesced. It appears he was satisfied with this arrangement.

■ The record also reveals that the defendant told sheriff deputies, before being brought to the court room, that he preferred wearing the trousers he had on rather than his own bluejeans. Justice Pivarnik, speaking for this Court in *Lyda v. State*, (1979) Ind., 395 N.E.2d 776, held that notwithstanding defendant's timely objection to appearing in jail clothing, he could not be said to have been compelled to wear prison garb where the record indicated that he had civilian clothes available, which he decided not to wear. *Lyda v. State, supra*, 395 N.E.2d at 782–83. The key element of *Estelle, supra*, is compulsion. In order for there to be a constitutional violation, the defendant must be compelled to wear prison garb. In the instant case, appellant was not compelled to wear the trousers marked with a "J".

Another crucial component in *Estelle* was that the jury would be continuously influenced throughout the trial by the defendant's obvious appearance in jail attire. In the case at bar, the attorney's objection showed that the only time the "J" on appellant's trousers would show was when the appellant stood for the jury panel to be sworn. This could hardly be considered the type of pervasive prejudicial impact which concerned the *Estelle* Court. We hold that appellant was not denied his constitutional right to a fair trial because: (1) appellant chose not to wear his own blue jeans which

were available; (2) the clothes he wore were not readily identifiable as prison garb; and (3) the jury was not continuously exposed to the one portion of appellant's clothing which might have indicated that he was wearing jail garb.

■ Appellant next claims the trial court erred in refusing to give his tendered final instruction number three which instructed the jury on the offense of criminal trespass, a class A misdemeanor, defined in IC § 35–43–2–2(a) [Burns 1977]:

A person who (4) knowingly or intentionally interferes with the possession or use of the property of another person without his consent commits criminal trespass, a class A misdemeanor.

The evidence presented to the jury led to two possible conclusions: (1) Defendant intentionally took packaged frozen food belonging to another from an outdoor commercial ice chest without the consent of the owner; or (2) that appellant was unconscious at the time of the alleged offense due to overindulgent alcohol consumption. If the evidence showed that the offense committed, if any, was the one charged, it was not error for the court to refuse an instruction on criminal trespass. *Phillips v. State*, (1978) Ind., 377 N.E.2d 666, 668; *Lash v. State*, (1977) Ind.App., 367 N.E.2d 10; *Harris v. State*, (1977) 266 Ind. 661, 366 N.E.2d 186.

■ Assuming that criminal trespass is a lesser included offense of the crime of theft, the failure of the trial court to instruct the jury on the crime of criminal trespass is harmless error in the instant case because the court did instruct the jury on the lesser included offense of criminal conversion. Thus, the jury was instructed that "[a] person who knowingly or intentionally exerts unauthorized control over property of another commits criminal conversion, a Class A misdemeanor." Since this instruction informed the jury of a lesser included offense which, for all practical purposes is virtually identical to the offense of criminal trespass, and since they are both Class A misdemeanors, the trial court's failure to give defendant's tendered instruction on criminal trespass is harmless error.

██ The court also rejected appellant's tendered instruction number eight which defined the crime of criminal mischief. We first note that under the traditional *Watford* test, criminal mischief is not a lesser included offense of theft. Under *Watford* "to be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater without first having committed the lesser." *Watford v. State*, (1957) 237 Ind. 10, 15, 143 N.E.2d 405, 407, quoting *House v. State*, (1917) 186 Ind. 593, 595–96, 117 N.E. 647, 648. Appellant was charged with and convicted of theft. A person commits theft when he "knowingly or intentionally exerts unauthorized control over property of another with intent to deprive the other person of any part of its value or use. IC § 35–43–4–2 [Burns 1977]. Criminal mischief involves the knowing or intentionally damaging of property of another without his consent. IC § 35–43–1–2 [Burns 1977]. Clearly, in order to prove theft the prosecutor need not prove that the property which was stolen was damaged. Criminal mischief is not a lesser included offense of theft.

Although there was evidence introduced at trial that one of appellant's confederates in the theft broke the lock on the ice machine, the damage to the lock was not an element of the theft. Furthermore, even if criminal mischief were a lesser included offense of theft, it would not have been error to refuse the criminal mischief instruction. In *Feyerchak v. State*, (1978) Ind., 383 N.E.2d 1023, this Court held that it was not error to refuse an instruction on assault as a lesser included offense of armed robbery because "there was overwhelming evidence of each element of the crime charged and the only issue which could be deemed in serious question was the identity of appellant as the perpetrator." 383 N.E.2d at 1026.

In the instant case there was substantial and probative evidence which was not in serious dispute that a theft occurred. The only question was whether appellant had lost consciousness and therefore didn't participate in the crime. See *Lawrence v. State*, (1978) 268 Ind. 330, 339, 375 N.E.2d 208, 213. To have given the criminal mischief instruction would have been erroneous since criminal mischief is not a lesser included offense of theft and would have been undesirable since it would have suggested a compromise verdict. The trial court did not err in its refusal to give appellant's tendered instruction number eight.

██ Appellant next claims the trial court erred in its refusal to give defendant's final instructions numbered five and six. Both of these instructions concerned the defense of intoxication to crimes requiring specific intent. The trial court adequately instructed the jury concerning intoxication as a defense. We will not reverse a case because of a refusal to give an instruction if the subject matter is adequately covered by other instructions. *Patterson v. State*, (1978) 267 Ind. 515, 371 N.E.2d 1309. *Richmond v. State*, (1979) Ind., 387 N.E.2d 1312.

The trial court is in all things affirmed.

All Justices concur.